

United States District Court
Southern District of Texas
FILED

APR 1 4 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| BEVERLY LASOURD § | |
| § | |
| Plaintiff, § | |
| § | **B-04-067** |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| TARGET STORES AND § | |
| TRACY CASTILLO § | |
| § | |
| Defendants. § | |

**DEFENDANTS' TARGET STORES AND TRACY CASTILLO NOTICE OF REMOVAL**

Defendants Target Stores, Inc. (identified as "Target Stores" in Plaintiff's Original Petition) (hereinafter referred to as "Defendant Target") and Tracy Castillo (hereinafter referred to as "Defendant Castillo") hereby remove this cause from the 107th District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446. Defendants remove this cause on the basis of diversity jurisdiction and in support of this Notice, Defendants respectfully show the Court the following:

**I.**
**PROCEDURAL HISTORY**

1.     On March 15, 2004, Plaintiff filed an action in the 107th District Court of Cameron County, Texas, bearing cause number 2004-03-1496-A and styled *Beverly LaSourd v. Target Stores and Tracy Castillo*.

2.     Plaintiff's Original Petition (hereinafter referred to as the "Petition") asserts a cause of action against both Defendants for age discrimination under the Texas Commission on Human Rights Act, TEX. LAB. CODE ANN. §§ 21.001-21.405 ("TCHRA").

3.     In the Petition, Plaintiff also pleads a claim of intentional infliction of emotional distress

against both Defendants.

4.      Defendant Target was served with the Plaintiff's Petition on March 18, 2004. Defendant Castillo was served on March 17, 2004.

5.      On April 12, 2004, Defendants timely filed an answer to Plaintiff's Petition in state court.

6.      This Notice of Removal has been filed within 30 days from service on the first served defendant as required under 28 U.S.C. 1446(b).

## II.
## GROUNDS FOR REMOVAL

**A.      Diversity of Citizenship.**

7.      Removal is proper in this suit because there is complete diversity between the Plaintiff and Defendant Target. Defendant Target is incorporated under the laws of the State of Minnesota, having its principal place of business in the State of Minnesota. Affidavit of Monica Gillespie.[1] Although ~~Plaintiff, Beverly Ldsourd~~ Defendant Tracy Castillo and, is a citizen of the State of Texas, she has been fraudulently joined as a defendant. For these reasons, there is complete diversity between the relevant parties. 28 U.S.C. 1332(a).

**B.      Diversity Exists due to Fraudulent Joinder of Individual Defendant Castillo.**

8.      In order to remove a case to federal court based on diversity between the parties, complete diversity must exist. It is uncontested that Plaintiff and Defendant Castillo are Texas residents, and Defendant Target is a foreign corporation, with its principal place of business in the State of Minnesota. Facially, the inclusion of Defendant Castillo would appear to defeat diversity. However, when an individual defendant is joined and the plaintiff has no "reasonable possibility of recovery" against that individual defendant under the claims plead, such joinder is considered fraudulent and will not prevent the federal courts from retaining jurisdiction upon

---

[1] The affidavit is attached to this Notice of Removal at Tab G.

removal. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003). When faced with a fraudulent joinder, a court should ignore the improperly joined parties to clear the way for a diversity-based removal. *Burden v. General Dynamics Corporation*, 60 F.3d at 217-18 (5th Cir. 1995); *See Arzehgar v. Dixon*, 150 F.R.D. 92, 94 (S.D. Tex. 1993) (if non-diverse defendants are joined fraudulently, their presence should be disregarded when assessing propriety of removal under diversity jurisdiction).

9. In Plaintiff's Petition, Plaintiff purports to bring her age discrimination claims under the TCHRA against both Defendant Target and Defendant Castillo. Plaintiff, however, indicates in her petition that Defendant Castillo is "an individual employee of the defendant corporation." See Plaintiff's Petition, Section II. The Fifth Circuit Court of Appeals and the Texas courts agree that only the employer, and not individual supervisors or managers can be liable under the TCHRA. *See Medina v. Ramsey Steel Co.,* 238 F.3d 674, 686 (5th Cir. 2001) ("[S]upervisors and managers are not considered employers under the [TCHRA] and, therefore, are not individually liable for age discrimination."); *see also Jenkins v. Guardian Indus. Corp.,* 16 S.W.3d 431, 439 (Tex. App.–Waco 2000, pet. denied); *Benavides v. Moore,* 848 S.W.2d 190, 198 (Tex. App.– Corpus Christi 1992, writ denied). In short, Plaintiff can have no claim against Defendant Castillo under the TCHRA.

10. As for Plaintiff's claim against Defendant Castillo for intentional infliction of emotional distress, Plaintiff has failed to state a tenable cause of action. To prevail in a suit for intentional infliction of emotional distress in Texas, a plaintiff must show (1) intentional or reckless conduct; (2) that is extreme or outrageous; (3) that caused emotional distress; and (4) that was severe in nature. *Twyman v. Twyman,* 855 S.W.2d 619 (Tex. 1993) (*citing* Restatement (Second) of Torts § 46(1) (1965)). A defendant is liable for outrageous conduct only "where

the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman,* 855 S.W.2d at 621 (*quoting* RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965)).   To recover for intentional infliction of emotional distress, a "plaintiff must prove," among other essential elements, that "the conduct was 'extreme and outrageous.'" *Wornick Co. v. Casas,* 856 S.W.2d 732, 734 (Tex. 1993).   Moreover, "[i]t is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery...." *Id. (quoting* RESTATEMENT (SECOND) OF TORTS § 46 cmt. h (1965)).

11.    "Insults, indignities, threats, annoyances, or petty oppressions, without more, do not rise to the level of intentional infliction of emotional distress." *Walker v. Thompson,* 214 F.3d 615, 628 (5th Cir. 2000). "'Ordinary employment disputes' will not support a claim for intentional infliction of emotional distress." *Hughes Training, Inc. v. Cook,* 254 F.3d 588, 594 (5th Cir. 2001). "In the employment context, 'extreme conduct exists only in the most unusual of circumstances.'" *Id.*  For example, in *Walker v. Thompson,* racial harassment, including frequent racial epithets, directed at African-American employees, even though arguably violative of Title VII of Civil Rights Act of 1964, as a matter of law, did not constitute intentional infliction of emotional distress.  214 F.3d at 628.  Furthermore, the Texas Supreme Court has held that "the mere fact of termination of  employment, even if the termination is wrongful, is not legally sufficient evidence that the employer's conduct was extreme and outrageous." *Southwestern Bell Mobile Sys., Inc. v. Franco,* 971 S.W. 2d 52, 54 (Tex. 1998).

12.    In this case, Plaintiff, in her Petition, complains of three alleged wrongful acts by Defendants. Specifically, Plaintiff claims:

(1)    Defendants wrongly accused her of theft;

(2)    Defendants discharged her based on her age; and

(3)    Defendants paid Plaintiff less than other employees based on her age.

13.    With respect to Plaintiff's claim that she was wrongly accused of theft, the Texas Supreme Court has not only found that a false accusation of theft is not "outrageous" conduct adequate to support an intentional infliction claim, but in fact has held "falsely depicting [the plaintiff] in the community as a thief" was, as a matter of law, inadequate to support an intentional infliction claim. *Diamond Shamrock Ref. & Mktg. Co. v. Mendez*, 844 S.W. 2d 198, 202 (Tex. 1992). *See also Hanssen v. Our Redeemer Lutheran Church*, 938 S.W.2d 85, 94 (Tex. App.-Dallas 1997, writ denied) (in affirming summary judgment, court of appeals held that the fact employer "depicted (the plaintiff) as a thief" is not sufficiently outrageous to raise a fact issue).

14.    As for the Plaintiff's allegation of discriminatory discharge, it is well established that a claim of wrongful or illegal discharge, even if true, is, as a matter of law, inadequate to support an intentional infliction claim. *Southwestern Bell*, 971 S.W.2d at 54; *See also Shaboon v. Duncan*, 252 F.3d 722, 734 (5th Cir. 2001) ("A wrongful discharge is not in itself outrageous."); *Brewerton v. Dalrymple,* 997 S.W.2d 212, 215-16 (Tex. 1999) (Texas Supreme Court held retaliatory discharge, even if true, was not adequate to support intentional infliction of emotional distress claim).

15.    Finally, with respect to Plaintiff's allegation that she was paid less than younger employees, the case law, as explained above, establishes that an allegation of wrongful, discriminatory, or retaliatory employment decisions is, as a matter of law, inadequately outrageous to support an intentional infliction claim. *See Southwestern Bell,* 971 S.W. at 53-54;

*see also Reynolds v. Dallas Area Rapid Transit*, No. Civ.A. 3:98-CV0982M, 2000 WL 1586444, at *3 (N.D. Tex. Oct. 20, 2000) (alleged discriminatory pay decision not "extreme and outrageous"); *Weeks v. Coury,* 951 F. Supp. 1264, 1279 n.76 (S.D. Tex. 1996) (alleged discriminatory salary decision not sufficiently outrageous to support intentional infliction claim).

16.    In sum, the Fifth Circuit and Texas courts have concluded that the types of conduct alleged by Plaintiff, as a matter of law, cannot support an intentional infliction claim.

17.    Because Plaintiff can have no legitimate claim against Defendant Castillo under either of the causes of action plead, Defendant Castillo has been fraudulently joined in this lawsuit.

## III.
## AMOUNT IN CONTROVERSY

18.    Where a plaintiff's initial pleading does not, on its face, specify that the plaintiff is seeking an amount greater than $75,000.00, exclusive of interest and costs, a defendant may properly remove the plaintiff's claim if the defendant can show, by a preponderance of the evidence, that the amount in controversy exceeds the federal jurisdictional amount. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The defendant may make this showing in either of two ways: by demonstrating it is "facially apparent" the claims are likely above $75,000.00, or by setting forth the facts in controversy (in the removal petition or by affidavit) that support a finding of the requisite amount. *Locket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

19.    The following demonstrates, by a preponderance of the evidence, that it is apparent from Plaintiff's Petition that Plaintiff is seeking damages in excess of the requisite $75,000.00:

(a)    In her petition, Plaintiff alleges claims of age discrimination under the TCHRA. Specifically, Plaintiff alleges that she was (i) paid less because of her age and (ii) ultimately terminated because of her age. Plaintiff's Petition §§ VII-X. Plaintiff also pleads a claim of

6

intentional infliction of emotional distress.

(b)     Section 1 of Plaintiff's Petition provides that "[d]iscovery in this case is intended to be conducted under Level 2." Plaintiff's Petition § I.  Pursuant to Texas Rule of Civil Procedure 190.3, Level 2 cases are cases in which the plaintiff is seeking monetary relief in excess of $50,000.00, **excluding** attorney's fees, costs and pre-judgment interest.  *See* TEX. R. CIV. P. 190.2-190.3.

(c)     Further, in Plaintiff's Petition, Plaintiff requests lost past earnings and lost future earnings "long into the future, if not for the balance of plaintiff's natural life." At the time of her termination on April 3, 2003, Plaintiff was earning $8.55 per hour.  Additionally, again, Plaintiff is also seeking the value of lost employee benefits.  Back pay and front pay are recoverable under the TCHRA. See TEX. LAB. CODE ANN. §§ 21.258-21.2585.

(d)     Plaintiff also seeks damages for "past mental anguish" as well as damages for future mental anguish that "Plaintiff will continue to suffer . . . for a long time into the future, if not for the balance of her natural life." Mental anguish are recoverable under the TCHRA. See TEX. LAB. CODE ANN. § 21.2585.

(e)     Plaintiff also seeks recovery of attorney's fees and costs.  Attorney's fees are recoverable under the TCHRA, and it is clear that where attorney's fees are recoverable by statute, the amount of such attorney's fees should be included in determining the amount in controversy. TEX. LAB. CODE ANN. § 21.259.  *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 n.7 (5th Cir. 1998) (citing *Forte v. S. Farm Bureau Life Ins. Co.,* 918 F.2d 534, 536 (5th Cir. 1990)).

(f)     In her prayer, Plaintiff seeks punitive damages, which are available under the TCHRA. TEX. LAB. CODE ANN. § 21.2585(b).

Plaintiff's claims support the conclusion that, if she ultimately prevails on her claims, her damages will exceed $75,000. *Fields v. Delta Airlines*, 2000 U.S. Dist. LEXIS 8184, at *4 (N.D. Tex. June 8, 2000) (plaintiff's claims for past and future earnings, mental anguish, emotional distress, physical distress, punitive damages, and attorney's fees support the conclusion that if she prevailed on her claims, her damages exceeded $75,000 at the time of removal). *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (plaintiff's claim of punitive damages supports conclusion that it was facially apparent that damages exceed jurisdictional minimum); *Callaway v. BASF Corp.*, 810 F. Supp. 191, 193 (S.D. Tex. 1993) (court refused to remove case on grounds that amount in controversy did not meet jurisdictional amount where plaintiff expressly declined to stipulate to damages less than $75,000 and sought both actual and punitive damages).[2]

20.    The number and nature of Plaintiff's claims, including those for alleged past and future lost earnings and benefits, past and future mental anguish, attorney's fees, and expert fees, reveal that the amount in controversy stated by Plaintiff's Petition is likely to exceed, and *does* exceed $75,000.00. *See Locket,* 171 F.3d at 298 (reading face of complaint, district court did not err in finding that plaintiff's claims exceeded $75,000.00); *Allen*, 63 F.3d at 1336 ("A court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [the jurisdictional amount]."); *Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 213 (E.D. Tex. 1996) (common experience informs the court that the case will involve an amount in controversy exceeding the minimum jurisdictional amount).

---

[2]    Although compensatory damages, including damages for future pecuniary losses, emotional pain, and mental anguish, as well as punitive damages, are statutorily capped at $300,000.00, *see* TEX. LAB. CODE ANN. § 21.2585(d) (Vernon 1996), this cap is well over the minimum federal jurisdictional amount.

**IV.**
**CONCLUSION**

21.    This Notice is being filed within 30 days after service upon Defendant Castillo of a copy of Plaintiff's Petition and, accordingly, has been timely filed under 28 U.S.C. § 1446(b).

22.    Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the action is pending.

23.    Attached to this notice of removal and incorporated herein are the following documents: (1) Index of Exhibits to Notice of Removal; (2) Executed Process for Defendant Target Stores, Inc.(Exhibit A); (3) Executed Process for Defendant Tracy Castillo (Exhibit B); (4) Plaintiff's Original Petition (Exhibit C); (5) A copy of the State Court's Docket Sheet (Exhibit D); (6) a list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit E); (7) Defendants' Original Answer (Exhibit F); and (8) the Affidavit of Monica Gillespie (Exhibit G).

24.    Defendants will promptly give Plaintiff written notice of the filing of this Notice of Removal and is today filing a copy of that notice, together with a copy of this notice of removal and the attachments with the District Clerk of Cameron County, Texas thereby effecting removal pursuant to 28 U.S.C. § 1446(d).

Dated:  April 14, 2004

Respectfully submitted,

_____

Robert S. Nichols

State Bar No. 15006400

Southern District of Texas Bar No.17118

Attorney-in-Charge

2000 One Shoreline Plaza, South Tower

800 North Shoreline

Corpus Christi, Texas 78401-3700

Telephone:  (361) 882-6644

Telecopy:  (361) 882-6659

OF COUNSEL

BRACEWELL & PATTERSON, L.L.P.

ATTORNEY FOR DEFENDANTS

TARGET STORES AND

TRACY CASTILLO

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Target Stores and Tracy Castillo Notice of Removal has been sent by certified mail, return receipt requested, on this 14th day of April, 2004, as follows:

Miguel Salinas
LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Rd.
Brownsville, Texas 78521


ATTORNEY FOR PLAINTIFF

Robert S. Nichols

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BEVERLY LASOURD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| TARGET STORES AND | § | |
| TRACY CASTILLO | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' INDEX OF EXHIBITS TO NOTICE OF REMOVAL

Exhibit A:     Executed Process for Defendant Target Stores

Exhibit B:     Executed Process for Defendant Tracy Castillo

Exhibit C:     Plaintiff's Original Petition

Exhibit D:     State Court's Docket Sheet

Exhibit E:     List of Counsel of Record

Exhibit F:     Defendants Target Stores' and Tracy Castillo's Original Answer

Exhibit G:     Affidavit of Monica Gillespie

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.002.01

No. 2004-03-001496-A

T H E   S T A T E   O F   T E X A S          **ORIGINAL**

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: TARGET STORES
    SERVING REGISTERED AGENT
    C.T. CORPORATION SYSTEM
    350 N. ST.PAUL STREET
    DALLAS, TEXAS 75201

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____PETITION_____ was filed on __MARCH 15, 2004__.  A copy of same accompanies this citation.

The file number of said suit being No. 2004-03-001496-A.

The style of the case is:

BEVERLY LASOURD
VS.
TARGET STORES AND TRACY CASTILLO

Said petition was filed in said court by _____MIGUEL SALINAS_____
(Attorney for _____PLAINTIFF_____), whose address is
803 OLD PORT ISABEL ROAD BROWNSVILLE, TX.  78521                          .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 15th day of __MARCH__, A.D. 2004.

__AURORA DE LA GARZA__, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: __Reynaldo Lopez Jr.__, Deputy

ATTACH RETURN RECEIPTS WITH

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com.

TARGET STORES — OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To
C.T. CORPORATION SYSTEM
Street, Apt. No.; 350 N. ST. PAUL STREET
or PO Box No.
City, State, ZIP+4  DALLAS, TEXAS 75201

PS Form 3800, June 2002          See Reverse for Instructions

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 15th of

__MARCH__  __2004__,  I mailed to

TARGET STORES

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.  __612883__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA__ , District Clerk
Cameron County, Texas

By: _Reynaldo Garza Jr._ , Deputy

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TARGET STORES
SERVING REGISTERED AGENT
C.T. CORPORATION SYSTEM
350 N. ST. PAUL STREET
DALLAS, TEXAS 75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                      ☐ Addressee

B. Received by ( Printed Name )   MAR 1 8 2004   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7003 1010 0003 6961 2883

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540



UNITED STATES POSTAL SERVICE
CAUSE# 2004-03-1496-A
ISSUED: 03/15/04

• Sender: Please print your name, address, and ZIP+4

First-Class
Postage & U
USPS
Permit No. G-

AURORA DE LA GARZA
974 E. HARRISON ST.
BROWNSVILLE, TEXAS 78520

Rosie Sheldon Sotelo

FILED
AURORA DE LA GARZA
DISTRICT CLERK

2004 MAR 22  A 10: 59

CAMERON COUNTY, TEXAS

_____ DEPUTY

Citation for Personal Service  - BY CERTIFIED MAIL     Lit. Seq. # 5.003.01

No. 2004-03-001496-A

T H E   S T A T E   O F   T E X A S     **ORIGINAL**

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: TRACY CASTILLO
SERVING PROCESS AT PLACE OF
EMPLOYMENT LOCATED AT
1002 DIXIELAND RD.
HARLINGEN, TEXAS 78550

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on MARCH 15, 2004 . A copy of same accompanies this citation.

The file number of said suit being No. 2004-03-001496-A.

The style of the case is:

BEVERLY LASOURD
VS.
TARGET STORES AND TRACY CASTILLO

Said petition was filed in said court by _____ MIGUEL SALINAS _____
(Attorney for _____ PLAINTIFF _____ ), whose address is
803 OLD PORT ISABEL ROAD BROWNSVILLE, TX. 78521 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 15th day of _____ MARCH _____ , A.D. 2004 .

_____ AURORA DE LA GARZA _____ , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: _____ Reynaldo Tapy Jr. _____ , Deputy

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

TRACY CASTILLO

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To
TRACY CASTILLO
Street, Apt No.; or PO Box No.   1002 DIXIELAND ROAD
City, State, ZIP+4   HARLINGEN, TEXAS 78550

PS Form 3800, June 2002          See Reverse for Instructions

7003 1010 0003 1949 2876

---

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 15th of

MARCH  2004,  I mailed to

TRACY CASTILLO

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.  612876
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA , District Clerk
Cameron County, Texas

By: *Reynaldo Lopez Jr.*          , Deputy



**SENDER: COMPLETE THIS SECTION**

- ☑ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TRACY CASTILLO
SERVING PROCESS AT PLACE OF
EMPLOYMENT
1002 DIXIELAND RD.
HARLINGEN, TEXAS 78550

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                              3 | 17 | 04

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:           ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)

7003 1010 0003 6961 2876

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540



UNITED STATES POSTAL SERVICE
CAUSE# 2004-03-1496-A
ISSUED: 03/15/04

First-Class Mail
Postage & Fees Paid
USPS
Permit No G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

AURORA DE LA GARZA
974 E. HARRISON ST.
BROWNSVILLE, TEXAS 78520

FILED
AURORA DE LA GARZA DIST. CLERK
MAR 1 9 2004

BB2047123



CAUSE NO. *2004-03-1496-A*

BEVERLY LASOURD        *       THE *107th* DISTRICT COURT

                      *

VS.                     *       OF

                      *

TARGET STORES AND    *
TRACY CASTILLO         *       CAMERON COUNTY, TEXAS

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **BEVERLY LASOURD**, hereinafter referred to as Plaintiff complaining of **TARGET STORES AND TRACY CASTILLO** hereinafter called by name or as defendants, and for such cause of action, would respectfully show unto the Court as follows:

I.

Discovery in this case is intended to be conducted under Level 2 unless otherwise ordered by the Court or agreed to by the parties.

II.
## PARTIES

Plaintiff, **BEVERLY LASOURD**, resides at 1327 E. Washington Street, Harlingen, Cameron County, Texas 78550.

Defendant, **TARGET STORES** is a foreign corporation duly licensed to conduct business in the State of Texas and can be served with process through its registered agent for service, C.T. Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

Service of Citation is requested via; **Certified Mail, Return Receipt Requested.**

Defendant, **TRACY CASTILLO**, is an individual employee of the defendant corporation and can be served with process at her place of employment located at 1002 Dixieland Rd., Harlingen, Texas 78550.

Service of Citation is requested via; **Certified Mail, Return Receipt Requested.**

Venue is proper in Cameron County, Texas in that the incidents that form the basis of this cause of action occurred in Cameron County.

III.
## FACTUAL ALLEGATIONS

Plaintiff Beverly Lasourd, was born on March 29, 1928 and is therefore over the age of 40.

Ms. Lasourd began working for defendant in 1992 as a cashier. At 75 years of age, she was the oldest employee working for the company. Despite her age, she performed her duties with dedication, loyalty and hard work.

Plaintiff's work environment changed dramatically when she was falsely and maliciously accused of theft. Specifically, defendant had a corporate policy that allowed cashiers to adjust a customer's price for un-ticketed or mis-priced items as long as the adjustment did not exceed $20.00. The policy was used by all of the cashiers to speed up a customer's trip through the check-out lane. On April 4, 2003, plaintiff was confronted by defendant Castillo and several other employees and was told she was observed adjusting the prices of merchandise. She was told she had to repay the amount or have the police come and haul her off in handcuffs. When plaintiff protested the younger employees did the same thing, she was told she was being fired. In addition, plaintiff learned she was receiving pay raises in a rate that was much smaller than her younger counterparts.

It is plaintiff's contention, that the accusation of theft against her (but not the younger employees), coupled with the disparity in pay between her and younger employees was a concerted effort to terminate plaintiff on account of her age.

IV.
## ADMINISTRATIVE PROCEDURES

Within 180 days of the occurrence of the acts complained of, plaintiff filed her initial complaint with the Texas Commission on Human Rights, alleging that the defendants had committed an unlawful employment practice against the plaintiff in violation of the Texas commission on Human Rights Act. Plaintiff received from the Texas Commission on Human Rights, Plaintiff's Right to File Civil Action letter allowing her to file a lawsuit within sixty days of its receipt. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

V.
## TEXAS COMMISSION ON HUMAN RIGHTS AGE DISCRIMINATION

Plaintiff, **Beverly Lasourd,** was at the time she was terminated a 75 year old female born on March 29, 1928. As such, she falls within a protected class under the Texas Commission on Human Rights Act.

The defendants, are employers with at least 15 employees, and subject to coverage under the Act. The conduct of the defendants complained of constituted unlawful discrimination on the basis of plaintiff's age.

In addition, defendants, its agents, servants, an employees improperly permitted such discriminatory conduct to take place. The defendants, its agents, servants, and employees knew, or in the exercise of ordinary care, should have known of the existence of the discriminatory conduct. As a result of defendant's unlawful conduct plaintiff has suffered the damages listed below:

VI.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs assert that defendants' actions, in the nature of extreme and outrageous conduct, was intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to plaintiff. Defendants' action caused plaintiff mental as well as physical pain. As a result of defendants' actions, plaintiff has suffered damages in amounts which exceed the minimum jurisdictional requirements of this Court. Plaintiff sues the defendant as a result of such actions.

VII.
## ACTUAL DAMAGES

As a result of the incidents described above, that is made the basis of this suit, plaintiff has incurred damages in the following respects:

### Lost Earnings and Diminished Earning Capacity

At the time of the incident complained of, plaintiff was gainfully employed. As a proximate result of the wrongful acts of the defendants, plaintiff was unable to attend to her occupation and thereby suffered a loss of income, loss of retirement and medical plans, fringe benefits and other valuable job rights for which she hereby sues.

Plaintiff's loss of earnings will in all reasonable probability continue long into the future, if not for the balance of plaintiff's natural life. Plaintiff therefore sues for any lost earnings, in the form of back pay, lost wages, front pay, lost future earnings and/or diminished earning capacity, to the extent permitted by law, due to the acts complained of above.

### Past and Future Mental Anguish

As a result of the incidents described above, that made the basis of this suit, plaintiff has suffered bodily injury and physical as well as mental pain and anguish. In all reasonable probability, plaintiff will continue to suffer such mental pain and anguish as well as bodily injury for a long time into the future, if not for the balance of her natural

life.

## Attorneys Fees

By reason of the allegations of this petition and the Texas Commission on Human Rights Act, plaintiff is entitled to recover attorneys fees in a sum that are reasonable and necessary. In this connection, plaintiff will show that the attorney whose name is subscribed to this pleading has been employed to assist plaintiff in the prosecution of this action. A reasonable attorneys fee is requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. Plaintiff further seeks attorney, expert and litigation fees and expenses as permitted by the Texas Commission on Human Rights Act.

## VIII.
## EXEMPLARY DAMAGES

The conduct of the defendants and their agents, set out above, were carried out willfully, maliciously, oppressively, and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the plaintiff. The plaintiff will further show that the conduct of the defendant was a pattern and practice of discriminatory conduct towards individuals similarly situated. Plaintiff is hereby entitled to recover exemplary damages to deter such cruel and undignified procedures by the defendants and defendants' management in the future. In this connection, plaintiff will show that his treatment by the Defendants caused her suffering of immeasurable dimensions. Accordingly, plaintiff requests that exemplary damages be awarded against the defendants and the defendants' corporations, in an amount which exceeds the minimum jurisdictional requirements of this Court.

## IX.
## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by a jury of her peers

**WHEREFORE PREMISES CONSIDERED**, plaintiff prays that this Honorable Court grant the following:

a). Judgment against defendants, both jointly and severally, for plaintiff's damages;
b). Punitive Damages;
c). Prejudgment interest as allowed by law;
d). Attorney, expert and litigation fees and expenses;
e). Interest on said judgment at the legal rate from date of judgment;
f). For costs of suit herein; and
g). Such other relief as the Court deems proper.

Respectfully submitted,

LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Rd.
Brownsville, Texas   78521
(956) 550-1115   Telephone
(956) 550-1134   Telefax

BY: _____

MIGUEL SALINAS
State Bar No. 17534750

ATTORNEY FOR PLAINTIFF

594401

RUN DATE 04/13/04
RUN TIME 2:36 PM

PAGE: 01

2004-03-001496-A

* * * * * C L E R K ' S   E N T R I E S * * * * *

BEVERLY LASOURD

VS

TARGET STORES AND TRACY CASTILLO

00594401
MIGUEL SALINAS
803 OLD PORT ISABEL ROAD
BROWNSVILLE, TX.    78521 0000

00537401
HON. ROBERT S. NICHOLS
800 NORTH SHORELINE BOULEVARD
CORPUS CHRISTI, TX.    78401 3700

(10)

DAMAGES

03    15    04

03/15/04  ORIGINAL PETITION FILED
03/15/04  CITATION (CM): TARGET STORES
03/15/04      SERVED: 03/18/04    FILED: 03/22/04
03/15/04  CITATION (CM): TRACY CASTILLO
03/15/04      SERVED: 03/17/04    FILED: 03/19/04
04/12/04  ORIGINAL ANSWER: TARGET STORES
04/12/04  ORIGINAL ANSWER: TRACY CASTILLO
04/12/04  DFS TARGET STORES AND TRACY CASTILLO'S
          ORIGINAL ANSWER/C.OSTOS

# CIVIL DOCKET - JUDGE'S ENTRIES

RULE 26-TRCP

CASE NO.   2004-03-001496-A

PAGE: 01

| | DATE OF FILING | | |
|---|---|---|---|
| | MONTH | DAY | YEAR |
| | 03 | 15 | 04 |

JURY FEE $

PAID BY

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|
| | Q0594401<br>MIGUEL SALINAS<br>803 OLD PORT ISABEL ROAD<br>BROWNSVILLE, TX.   78521 0000 | (10)<br><br>DAMAGES |
| BEVERLY LASOURD | | |
| VS | | |
| TARGET STORES AND TRACY CASTILLO | HON ROBERT S NICHOLS<br>2000 N. SHORELINE PLAZA-SOUTH TOWER<br>800 N. SHORELINE BLVD.<br>CORPUS C,TX 784-COURT'S DOCKET (Rule 26, TRCP) | |

RUN DATE
RUN TIME

DATE OF ORDERS

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **BEVERLY LASOURD** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **TARGET STORES AND** | § | |
| **TRACY CASTILLO** | § | |
| | § | |
| **Defendants.** | § | |

## <u>COUNSEL OF RECORD</u>

1.    Mr. Robert S. Nichols
       Attorney-in-Charge
       State Bar No. 15006400
       Southern District of Texas Bar No. 17118
       Bracewell & Patterson, L.L.P.
       2000 One Shoreline Plaza, South Tower
       800 North Shoreline Boulevard
       Corpus Christi, Texas 78401-3700
       Telephone: (361) 882-6644
       Telecopier: (361) 882-6659
       ATTORNEY FOR DEFENDANTS
       TARGET STORES, INC. AND TRACY
       CASTILLO

2.    Mr. Miguel Salinas
       State Bar No. 17534750
       Southern District of Texas Bar No. 15171
       Law Office of Miguel Salinas
       803 Old Port Isabel Road
       Brownsville, Texas 78521
       Telephone: (956) 550-1115
       Telecopier: (956) 550-1134
       ATTORNEY FOR PLAINTIFF
       BEVERLY LASOURD

FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

APR 1 2 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. 2004-03-1496-A

| | | |
|---|---|---|
| BEVERLY LASOURD | § | THE 107TH DISTRICT COURT |
| | § | |
| vs. | § | OF |
| | § | |
| TARGET STORES AND | § | |
| TRACY CASTILLO | § | CAMERON COUNTY, TEXAS |

## DEFENDANTS TARGET STORES' AND TRACY CASTILLO'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, TARGET STORES, INC. (identified in Plaintiff's Original Petition as "Target Stores") and TRACY CASTILLO (hereinafter referred to as "Defendants") in the above-numbered and styled cause file this their Original Answer. Defendants would show the Court as follows:

### I.
### GENERAL DENIAL

As permitted by Rule 92, Texas Rules of Civil Procedure, Defendants generally deny each and every allegation in Plaintiff's Petition and demand strict proof by a preponderance of the credible evidence.

WHEREFORE, Defendants pray for such relief to which they may be justly entitled.

Corpus Christi\667014 1

Dated: April 9, 2004

Respectfully submitted,

OF COUNSEL:
BRACEWELL & PATTERSON, L.L.P.

Robert S. Nichols
Attorney-in-Charge
State Bar No. 15006400
Allison Padon Brady
State Bar No. 24039099
2000 One Shoreline Plaza - South Tower
800 N. Shoreline Blvd.
Corpus Christi, Texas 78401-3700
Telephone No.: (361) 882-6644
Telecopier No.: (361) 882-6659

**ATTORNEYS FOR DEFENDANTS TARGET STORES
AND TRACY CASTILLO**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants Target Stores'
and Tracy Castillo's Original Answer has been sent by facsimile, Federal Express and certified
mail, return receipt requested on the 9th day of April, 2004, to:

Miguel Salinas
LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Rd.
Brownsville, Texas 78521

Allison Padon Brady

CAUSE NO. 2004-03-1496-A

| | | |
|---|---|---|
| **BEVERLY LASOURD** | § | **THE 107TH DISTRICT COURT** |
| | § | |
| **vs.** | § | **OF** |
| | § | |
| **TARGET STORES AND** | § | |
| **TRACY CASTILLO** | § | **CAMERON COUNTY, TEXAS** |

### AFFIDAVIT OF MONICA GILLESPIE

Before me, the undersigned authority, personally appeared Monica Gillespie, who, being by me duly sworn, deposed as follows:

1.      My name is Monica Gillespie, I am of sound mind, over 18 (eighteen) years of age, and capable of making this affidavit.  I have never been convicted of a felony.  I am the Regional Human Resources Representative for Target Stores, Inc.

2.      As Regional Human Resources Representative, I am based in San Antonio, Texas and I have wide-ranging human resources responsibilities for much of south and central Texas, as well as the State of Louisiana.  That area of responsibility includes all of the Rio Grande Valley of Texas, including Cameron County.

3.      Target is a corporation incorporated under the laws of the State of Minnesota.  Its principal place of business is in the State of Minnesota.

4.      A review of the employment records of Beverly Lasourd reveals that her final rate of pay, prior to her termination on April 3, 2003, was $8.55 per hour.

I have read the foregoing affidavit and affirm that the facts stated herein are true and correct and based upon my personal knowledge.

(Name) Monica L. Gillespie ,**Affiant**

SWORN TO AND SUBSCRIBED before me on the _13_ day of _APRIL_, 2004.

Notary Public, State of Texas

JOE A. VILLARREAL

**Notary's Printed Name**

My commission expires: _3/5/08_



JOE A. VILLARREAL
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
MARCH 5, 2008

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BEVERLY LASOURD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-067 |
| | § | |
| TARGET STORES AND | § | |
| TRACY CASTILLO, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' TARGET STORES AND TRACY CASTILLO CERTIFICATE OF FILING AND SERVICE

I hereby certify that I, in accordance with 28 U.S.C. § 1446(d), on this date gave written notice of removal to all adverse parties by serving on Mr. Miguel Salinas, LAW OFFICES OF MIGUEL SALINAS, 803 Old Port Isabel Road, Brownsville, Texas 78521, counsel for Plaintiff, Defendants' Target Stores and Tracy Castillo Notice of Filing First Amended Notice of Removal to Federal Court ("Notice") with its attachments. A copy of same is attached to this certificate. I also certify that a copy of the Notice was filed, in accordance with 28 U.S.C. § 1446(d), with the Honorable Aurora De La Garza, District Clerk for Cameron County, Texas.

Dated: April 15, 2004

Respectfully submitted,

Robert S. Nichols w/ permission
by [signature]

OF COUNSEL
BRACEWELL & PATTERSON, L.L.P.

Robert S. Nichols
Attorney-in-Charge
State Bar No. 15006400
Southern District of Texas Bar No. 17118
2000 One Shoreline Plaza, South Tower
800 North Shoreline
Corpus Christi, Texas 78401-3700
Telephone:    (361) 882-6644
Telecopier:   (361) 882-6659

ATTORNEY FOR DEFENDANTS
TARGET STORES AND TRACY
CASTILLO

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Target Stores and Tracy Castillo Certificate of Filing and Service has been sent by certified mail, return receipt requested, on this 15th day of April 2004, as follows:

Mr. Miguel Salinas
LAW OFFICES OF MIGUEL SALINAS
803 Old Port Isabel Road
Brownsville, Texas 78521
ATTORNEY FOR PLAINTIFF

Robert S. Nichols

## CAUSE NO. 2004-03-1496-A

| | | |
|---|---|---|
| BEVERLY LASOURD, | § | THE 107TH DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | OF |
| | § | |
| TARGET STORES AND | § | |
| TRACY CASTILLO | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

FILED 3:30 O'CLOCK M
AURORA DE LA GARZA DIST. CLERK

APR 1 5 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

### DEFENDANTS' TARGET STORES AND TRACY CASTILLO NOTICE OF FILING FIRST AMENDED NOTICE OF REMOVAL TO FEDERAL COURT

To:   Plaintiff, Beverly LaSourd, by and through her attorney of record, Mr. Miguel Salinas, Law Offices of Miguel Salinas, 803 Old Port Isabel Road, Brownsville, Texas 78521.

Pursuant to 28 U.S.C. § 1446(d), Defendants hereby give written notice to all adverse parties that Defendants' Target Stores and Tracey Castillo First Amended Notice of Removal, a copy of which is attached, was filed today with the Clerk of the United States District Court for the Southern District of Texas, Brownsville Division. A copy of this written notice and its attachments have been filed with the District Clerk for Cameron County, Texas.

Accordingly, the civil action has been removed and the 107th District Court of Cameron County, Texas shall proceed no further unless and until the case is remanded.

Dated: April 15, 2004                    Respectfully submitted,

OF COUNSEL                     Robert S. Nichols
BRACEWELL & PATTERSON, L.L.P.        State Bar No. 15006400
                            2000 One Shoreline Plaza, South Tower
                            800 North Shoreline
                            Corpus Christi, Texas 78401-3700
                            Telephone:  (361) 882-6644
                            Telecopier:  (361) 882-6659

                            ATTORNEY FOR DEFENDANTS TARGET
                            STORES AND TRACY CASTILLO



IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BEVERLY LASOURD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-067 |
| | § | |
| TARGET STORES AND | § | |
| TRACY CASTILLO | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' TARGET STORES AND TRACY CASTILLO FIRST AMENDED NOTICE OF REMOVAL

Defendants Target Stores, Inc. (identified as "Target Stores" in Plaintiff's Original Petition) (hereinafter referred to as "Defendant Target") and Tracy Castillo (hereinafter referred to as "Defendant Castillo") hereby remove this cause from the 107th District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446. Defendants remove this cause on the basis of diversity jurisdiction and in support of this Notice, Defendants respectfully show the Court the following:

## I.
## PROCEDURAL HISTORY

1.    On March 15, 2004, Plaintiff filed an action in the 107th District Court of Cameron County, Texas, bearing cause number 2004-03-1496-A and styled *Beverly LaSourd v. Target Stores and Tracy Castillo*.

2.    Plaintiff's Original Petition (hereinafter referred to as the "Petition") asserts a cause of action against both Defendants for age discrimination under the Texas Commission on Human Rights Act, TEX. LAB. CODE ANN. §§ 21.001-21.405 ("TCHRA").

3.     In the Petition, Plaintiff also pleads a claim of intentional infliction of emotional distress against both Defendants.

4.     Defendant Target was served with the Plaintiff's Petition on March 18, 2004. Defendant Castillo was served on March 17, 2004.

5.     On April 12, 2004, Defendants timely filed an answer to Plaintiff's Petition in state court.

6.     On April 14, 2004, Defendants filed their original notice of removal in this case. Defendants now file this amended notice to correct certain non-jurisdictional errors. Within the 30-day period after the first defendant receives service of the suit, "a defendant may freely amend a notice of removal." *Wormley v. S. Pac. Transp. Co.,* 863 F. Supp. 382, 385 (E.D. Tex. 1994); *see Filho v. Pozos Int'l Drilling Serv. Inc.,* 662 F. Supp. 94, 96 n. 2 (S.D. Tex. 1987) ("a removing defendant may freely amend within the 30-day period allowed for removal"). As reflected on the state court docket sheet attached hereto at Tab D, the first defendant in this case was served on March 17, 2004. Accordingly, this amended notice of removal is timely filed within 30 days from receipt of service by the first served defendant as required by 28 U.S.C. 1446(b).

## II.
## GROUNDS FOR REMOVAL

### A.     Diversity of Citizenship.

7.     Removal is proper in this suit because there is complete diversity between the Plaintiff and Defendant Target. Defendant Target is incorporated under the laws of the State of Minnesota, having its principal place of business in the State of Minnesota. Affidavit of Monica Gillespie.[1] It is undisputed that Plaintiff is a citizen of the State of Texas. Although Defendant Tracy Castillo is a citizen of the State of Texas, she has been fraudulently joined as a defendant.

---

[1] The affidavit is attached to this Notice of Removal at Tab G.

For these reasons, there is complete diversity between the relevant parties. 28 U.S.C. 1332(a).

**B.    Diversity Exists Due to Fraudulent Joinder of Individual Defendant Castillo.**

8.    In order to remove a case to federal court based on diversity between the parties, complete diversity must exist. It is uncontested that Plaintiff and Defendant Castillo are Texas residents, and Defendant Target is a foreign corporation, with its principal place of business in the State of Minnesota. Facially, the inclusion of Defendant Castillo would appear to defeat diversity. However, when an individual defendant is joined and the plaintiff has no "reasonable possibility of recovery" against that individual defendant under the claims plead, such joinder is considered fraudulent and will not prevent the federal courts from retaining jurisdiction upon removal. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003). When faced with a fraudulent joinder, a court should ignore the improperly joined parties to clear the way for a diversity-based removal. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217-18 (5th Cir. 1995); *See Arzehgar v. Dixon*, 150 F.R.D. 92, 94 (S.D. Tex. 1993) (if non-diverse defendants are joined fraudulently, their presence should be disregarded when assessing propriety of removal under diversity jurisdiction).

9.    In Plaintiff's Petition, Plaintiff purports to bring her age discrimination claims under the TCHRA against both Defendant Target and Defendant Castillo. Plaintiff, however, indicates in her petition that Defendant Castillo is "an individual employee of the defendant corporation." See Plaintiff's Petition, Section II. The Fifth Circuit Court of Appeals and the Texas courts agree that only the employer, and not individual supervisors or managers can be liable under the TCHRA. *See Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001) ("[S]upervisors and managers are not considered employers under the [TCHRA] and, therefore, are not individually liable for age discrimination."); *see also Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 439

(Tex. App.–Waco 2000, pet. denied); *Benavides v. Moore,* 848 S.W.2d 190, 198 (Tex. App.–Corpus Christi 1992, writ denied). In short, Plaintiff can have no claim against Defendant Castillo under the TCHRA.

10.    As for Plaintiff's claim against Defendant Castillo for intentional infliction of emotional distress, Plaintiff has failed to state a tenable cause of action. To prevail in a suit for intentional infliction of emotional distress in Texas, a plaintiff must show (1) intentional or reckless conduct; (2) that is extreme or outrageous; (3) that caused emotional distress; and (4) that was severe in nature. *Twyman v. Twyman,* 855 S.W.2d 619, 621-22 (Tex. 1993) (*citing* RESTATEMENT (SECOND) OF TORTS § 46(1) (1965)). A defendant is liable for outrageous conduct only "where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman,* 855 S.W.2d at 621 (*quoting* RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965)). To recover for intentional infliction of emotional distress, a "plaintiff must prove," among other essential elements, that "the conduct was 'extreme and outrageous.'" *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993). Moreover, "[i]t is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery...." *Id. (quoting* RESTATEMENT (SECOND) OF TORTS § 46 cmt. h (1965)).

11.    "Insults, indignities, threats, annoyances, or petty oppressions, without more, do not rise to the level of intentional infliction of emotional distress." *Walker v. Thompson*, 214 F.3d 615, 628 (5th Cir. 2000). Also, "'[o]rdinary employment disputes' will not support a claim for intentional infliction of emotional distress." *Hughes Training, Inc. v. Cook*, 254 F.3d 588, 594 (5th Cir. 2001). "In the employment context, 'extreme conduct exists only in the most unusual of

an intentional infliction claim. *Southwestern Bell*, 971 S.W.2d at 54; *see also Shaboon v. Duncan*, 252 F.3d 722, 734 (5th Cir. 2001) ("A wrongful discharge is not in itself outrageous."); *Brewerton v. Dalrymple,* 997 S.W.2d 212, 215-16 (Tex. 1999) (Texas Supreme Court held retaliatory discharge, even if true, was not adequate to support intentional infliction of emotional distress claim).

15.     Finally, with respect to Plaintiff's allegation that she was paid less than younger employees, the case law, as explained above, establishes that an allegation of wrongful, discriminatory, or retaliatory employment decisions is, as a matter of law, inadequately outrageous to support an intentional infliction claim. *See Southwestern Bell,* 971 S.W.2d at 53-54; *see also Reynolds v. Dallas Area Rapid Transit*, No. Civ.A. 3:98-CV0982M, 2000 WL 1586444, at *3 (N.D. Tex. Oct. 20, 2000) (alleged discriminatory pay decision not "extreme and outrageous"); *Weeks v. Coury,* 951 F. Supp. 1264, 1279 n.76 (S.D. Tex. 1996) (alleged discriminatory salary decision not sufficiently outrageous to support intentional infliction claim).

16.     In sum, the Fifth Circuit and Texas courts have concluded that the types of conduct alleged by Plaintiff, as a matter of law, cannot support an intentional infliction claim.

17.     Because Plaintiff can have no legitimate claim against Defendant Castillo under either of the causes of action plead, Defendant Castillo has been fraudulently joined in this lawsuit.

## III.
## AMOUNT IN CONTROVERSY

18.     Where a plaintiff's initial pleading does not, on its face, specify that the plaintiff is seeking an amount greater than $75,000.00, exclusive of interest and costs, a defendant may properly remove the plaintiff's claim if the defendant can show, by a preponderance of the evidence, that the amount in controversy exceeds the federal jurisdictional amount. *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993). The defendant may make this showing

in either of two ways:  by demonstrating it is "facially apparent" the claims are likely above $75,000.00, or by setting forth the facts in controversy (in the removal petition or by affidavit) that support a finding of the requisite amount.  *Locket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

19.    The following demonstrates, by a preponderance of the evidence, that it is apparent from Plaintiff's Petition that Plaintiff is seeking damages in excess of the requisite $75,000.00:

(a)    In her petition, Plaintiff alleges claims of age discrimination under the TCHRA. Specifically, Plaintiff alleges that she was (i) paid less because of her age and (ii) ultimately terminated because of her age.  Plaintiff's Petition §§ III-V.  Plaintiff also pleads a claim of intentional infliction of emotional distress.

(b)    Section 1 of Plaintiff's Petition provides that "[d]iscovery in this case is intended to be conducted under Level 2."  Plaintiff's Petition § I.  Pursuant to Texas Rule of Civil Procedure 190.3, Level 2 cases are cases in which the plaintiff is seeking monetary relief in excess of $50,000.00, **excluding** attorney's fees, costs and pre-judgment interest.  *See* TEX. R. CIV. P. 190.2-190.3.

(c)    Further, in Plaintiff's Petition, Plaintiff requests lost past earnings and lost future earnings "long into the future, if not for the balance of plaintiff's natural life."  At the time of her termination on April 3, 2003, Plaintiff was earning $8.55 per hour.  Additionally, Plaintiff is also seeking the value of lost employee benefits.  Back pay and front pay are recoverable under the TCHRA.  *See* TEX. LAB. CODE ANN. §§ 21.258-21.2585.

(d)    Plaintiff also seeks damages for "past mental anguish" as well as damages for future mental anguish that "Plaintiff will continue to suffer . . . for a long time into the future, if not for the balance of her natural life."  Mental anguish damages are recoverable under the TCHRA.

*See* TEX. LAB. CODE ANN. § 21.2585.

(e)     Plaintiff also seeks recovery of attorney's fees and costs. Attorney's fees are recoverable under the TCHRA, and it is clear that where attorney's fees are recoverable by statute, the amount of such attorney's fees should be included in determining the amount in controversy. TEX. LAB. CODE ANN. § 21.259. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 n.7 (5th Cir. 1998) (citing *Forte v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 536 (5th Cir. 1990)).

(f)     Given the fact Plaintiff seeks more than $50,000.00 in monetary relief, as explained in subparagraph (b) above, and Plaintiff also seeks, in Section VII of the Petition, all of her attorney's fees through the time of "trial of this cause," it is inconceivable the amount in controversy does not exceed $75,000.00.

(g)     In her prayer, Plaintiff seeks punitive damages, which are available under the TCHRA. TEX. LAB. CODE ANN. § 21.2585(b).

20.     Plaintiff's claims support the conclusion that, if she ultimately prevails on her claims, her damages will exceed $75,000.00. *Fields v. Delta Airlines*, 2000 U.S. Dist. LEXIS 8184, at *4 (N.D. Tex. June 8, 2000)  (plaintiff's claims for past and future earnings, mental anguish, emotional distress, physical distress, punitive damages, and attorney's fees support the conclusion that if she prevailed on her claims, her damages exceeded $75,000.00 at the time of removal). *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (plaintiff's claim of punitive damages supports conclusion that it was facially apparent that damages exceed jurisdictional minimum); *Callaway v. BASF Corp.*, 810 F. Supp. 191, 193 (S.D. Tex. 1993) (court refused to remove case on grounds that amount in controversy did not meet jurisdictional amount where plaintiff expressly declined to stipulate to damages less than $75,000.00 and

sought both actual and punitive damages).[2]

21.    The number and nature of Plaintiff's claims, including those for alleged past and future lost earnings and benefits, past and future mental anguish, attorney's fees, and expert fees, reveal that the amount in controversy stated in Plaintiff's Petition is likely to exceed, and *does* exceed $75,000.00. *See Locket,* 171 F.3d at 298 (reading face of complaint, district court did not err in finding that plaintiff's claims exceeded $75,000.00); *Allen,* 63 F.3d at 1336 ("A court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [the jurisdictional amount]."); *Cross v. Bell Helmets, USA,* 927 F. Supp. 209, 213 (E.D. Tex. 1996) (common experience informs the court that the case will involve an amount in controversy exceeding the minimum jurisdictional amount).

22.    The facts set forth above demonstrate that it is "facially apparent" the claims are likely above $75,000.00. Alternatively, Defendants have also set forth facts in controversy that support a finding of the requisite amount.

## IV.
## CONCLUSION

23.    This Notice is being filed within 30 days after service upon the first served defendant, Defendant Castillo, of a copy of Plaintiff's Petition and, accordingly, has been timely filed under 28 U.S.C. § 1446(b).

24.    Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the action is pending.

25.    Attached to this notice of removal and incorporated herein are the following documents:

---

[2]    Although compensatory damages, including damages for future pecuniary losses, emotional pain, and mental anguish, as well as punitive damages, are statutorily capped at $300,000.00, *see* TEX. LAB. CODE ANN. § 21.2585(d) (Vernon 1996), this cap is well over the minimum federal jurisdictional amount.

(1) Index of Exhibits to Notice of Removal; (2) Executed Process for Defendant Target Stores, Inc. (Exhibit A); (3) Executed Process for Defendant Tracy Castillo (Exhibit B); (4) Plaintiff's Original Petition (Exhibit C); (5) a copy of the State Court's Docket Sheet (Exhibit D); (6) a list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit E); (7) Defendants' Original Answer (Exhibit F); and (8) the Affidavit of Monica Gillespie (Exhibit G).

26.    Defendants will promptly give Plaintiff written notice of the filing of this Notice of Removal and is today filing a copy of that notice, together with a copy of this notice of removal and the attachments with the District Clerk of Cameron County, Texas thereby effecting removal pursuant to 28 U.S.C. § 1446(d).

Dated:  April 15, 2004

Respectfully submitted,

OF COUNSEL
BRACEWELL & PATTERSON, L.L.P.

Robert S. Nichols
State Bar No. 15006400
Southern District of Texas Bar No.17118
Attorney-in-Charge
2000 One Shoreline Plaza, South Tower
800 North Shoreline
Corpus Christi, Texas 78401-3700
Telephone:  (361) 882-6644
Telecopy:  (361) 882-6659

ATTORNEY FOR DEFENDANTS
TARGET STORES AND
TRACY CASTILLO

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Target Stores and Tracy Castillo First Amended Notice of Removal has been sent by certified mail, return receipt requested, on this 15th day of April, 2004, as follows:

Miguel Salinas
LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Rd.
Brownsville, Texas  78521


ATTORNEY FOR PLAINTIFF



Robert S. Nichols

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **BEVERLY LASOURD** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-04-067** |
| | § | |
| **TARGET STORES AND** | § | |
| **TRACY CASTILLO** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' INDEX OF EXHIBITS TO NOTICE OF REMOVAL

Exhibit A:     Executed Process for Defendant Target Stores

Exhibit B:     Executed Process for Defendant Tracy Castillo

Exhibit C:     Plaintiff's Original Petition

Exhibit D:     State Court's Docket Sheet

Exhibit E:     List of Counsel of Record

Exhibit F:     Defendants Target Stores' and Tracy Castillo's Original Answer

Exhibit G:     Affidavit of Monica Gillespie

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.002.01

No. 2004-03-001496-A

THE STATE OF TEXAS                    **ORIGINAL**

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: TARGET STORES
    SERVING REGISTERED AGENT
    C.T. CORPORATION SYSTEM
    350 N. ST.PAUL STREET
    DALLAS, TEXAS 75201

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on MARCH 15, 2004 . A copy of same accompanies this citation.

The file number of said suit being No. 2004-03-001496-A.

The style of the case is:

BEVERLY LASOURD
VS.
TARGET STORES AND TRACY CASTILLO

Said petition was filed in said court by _____ MIGUEL SALINAS _____ (Attorney for _____ PLAINTIFF _____), whose address is 803 OLD PORT ISABEL ROAD BROWNSVILLE, TX. 78521 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 15th day of _____ MARCH _____, A.D. 2004.

AURORA DE LA GARZA _____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: _Reynaldo Lopez Jr._ _____, Deputy

ATTACH RETURN RECEIPTS WITH

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com.

TARGET STORES **OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
C.T. CORPORATION SYSTEM
Street, Apt. No;
or PO Box No  350 N. ST.PAUL STREET
City, State, ZIP+4  DALLAS, TEXAS 75201

PS Form 3800, June 2000                     See Reverse for Instructions

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 15th of

MARCH   2004,  I mailed to

TARGET STORES

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.    612883
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

   AURORA DE LA GARZA   , District Clerk
Cameron County, Texas

By: _Reynaldo Lopez Jr._        , Deputy

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TARGET STORES
SERVING REGISTERED AGENT
C.T. CORPORATION SYSTEM
350 N. ST.PAUL STREET
DALLAS, TEXAS 75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature MAR 1 8 2004
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7003 1010 0003 6961 2883

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540



UNITED STATES POSTAL SERVICE
CAUSE# 2004-03-1496-A
ISSUED: 03/15/04

• Sender: Please print your name, address, and ZIP+4 in this box •

First-Class
Postage & ...
USPS
Permit No. G-

AURORA DE LA GARZA
DISTRICT CLERK

FILED
2004 MAR 22 A 10: 59
CAMERON COUNTY, TEXAS
Rosie Sheldon Sotelo
DEPUTY

AURORA DE LA GARZA
974 E. HARRISON ST.
BROWNSVILLE, TEXAS 78520

Citation for Personal Service  - BY CERTIFIED MAIL   Lit. Seq. # 5.003.01

No. 2004-03-001496-A

T H E   S T A T E   O F   T E X A S      **ORIGINAL**

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: TRACY CASTILLO
    SERVING PROCESS AT PLACE OF
    EMPLOYMENT LOCATED AT
    1002 DIXIELAND RD.
    HARLINGEN, TEXAS 78550

the ____DEFENDANT____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____PETITION_____ was filed on   MARCH 15, 2004  . A copy of same accompanies this citation.

The file number of said suit being No. 2004-03-001496-A.

The style of the case is:

BEVERLY LASOURD
VS.
TARGET STORES AND TRACY CASTILLO

Said petition was filed in said court by _____MIGUEL SALINAS_____ (Attorney for ____PLAINTIFF____), whose address is 803 OLD PORT ISABEL ROAD BROWNSVILLE, TX. 78521

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 15th day of __MARCH__, A.D. 2004.

AURORA DE LA GARZA , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: _____ , Deputy

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

TRACY CASTILLO ~ OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To
TRACY CASTILLO
Street, Apt No.; or PO Box No. 1002 DIXIELAND ROAD
City, State, ZIP+4 HARLINGEN, TEXAS 78550

PS Form 3800, June 2002    See Reverse for Instructions

7003 1010 0003 4961 2676

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 15th of

MARCH   2004,   I mailed to

TRACY CASTILLO

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.   612876
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA   , District Clerk
Cameron County, Texas

By: _Reynaldo Lopez Jr._   , Deputy



| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items.1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☐ Agent  ☐ Addressee<br>B. Received by ( Printed Name)  C. Date of Delivery<br>☐ Yes<br>D. Is delivery address different from item 1?  ☐ Yes<br>  If YES, enter delivery address below:  ☐ No |
| 1. Article Addressed to:<br>TRACY CASTILLO<br>SERVING PROCESS AT PLACE OF<br>EMPLOYMENT<br>1002 DIXIELAND RD.<br>HARLINGEN, TEXAS 78550 | |
| | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7003 1010 0003 6961 2876 |

PS Form 3811, August 2001          Domestic Return Receipt                    102595-02-M-1540



UNITED STATES POSTAL SERVICE
CAUSE# 2004-03-1496-A
ISSUED: 03/15/04

First-Class Mail
Postage & Fees Paid
USPS
Permit No G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

*AURORA DE LA GARZA*
*974 E. HARRISON ST.*
*BROWNSVILLE, TEXAS 78520*

FILED
AURORA DE LA GARZA DIST. CLK.

MAR 19 2004

B3204 7123



CAUSE NO. *2004-03-1496-A*

FILED ___2:55___ O'CLOCK __P__ M
AURORA DE LA GARZA DIST. CLERK

MAR 15 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
*Reynaldo Lopez* DEP.

| | | |
|---|---|---|
| BEVERLY LASOURD | * | THE *107th* DISTRICT COURT |
| | * | |
| | * | |
| VS. | * | OF |
| | * | |
| | * | |
| TARGET STORES AND | * | |
| TRACY CASTILLO | * | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **BEVERLY LASOURD**, hereinafter referred to as Plaintiff complaining of **TARGET STORES AND TRACY CASTILLO** hereinafter called by name or as defendants, and for such cause of action, would respectfully show unto the Court as follows:

I.

Discovery in this case is intended to be conducted under Level 2 unless otherwise ordered by the Court or agreed to by the parties.

II.
## PARTIES

Plaintiff, **BEVERLY LASOURD**, resides at 1327 E. Washington Street, Harlingen, Cameron County, Texas 78550.

Defendant, **TARGET STORES** is a foreign corporation duly licensed to conduct business in the State of Texas and can be served with process through its registered agent for service, C.T. Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

Service of Citation is requested via; **Certified Mail, Return Receipt Requested.**

Defendant, **TRACY CASTILLO,** is an individual employee of the defendant corporation and can be served with process at her place of employment located at 1002 Dixieland Rd., Harlingen, Texas 78550.

Service of Citation is requested via; **Certified Mail, Return Receipt Requested.**

Venue is proper in Cameron County, Texas in that the incidents that form the basis of this cause of action occurred in Cameron County.

III.
## FACTUAL ALLEGATIONS

Plaintiff Beverly Lasourd, was born on March 29, 1928 and is therefore over the age of 40.

Ms. Lasourd began working for defendant in 1992 as a cashier. At 75 years of age, she was the oldest employee working for the company. Despite her age, she performed her duties with dedication, loyalty and hard work.

Plaintiff's work environment changed dramatically when she was falsely and maliciously accused of theft. Specifically, defendant had a corporate policy that allowed cashiers to adjust a customer's price for un-ticketed or mis-priced items as long as the adjustment did not exceed $20.00. The policy was used by all of the cashiers to speed up a customer's trip through the check-out lane. On April 4, 2003, plaintiff was confronted by defendant Castillo and several other employees and was told she was observed adjusting the prices of merchandise. She was told she had to repay the amount or have the police come and haul her off in handcuffs. When plaintiff protested the younger employees did the same thing, she was told she was being fired. In addition, plaintiff learned she was receiving pay raises in a rate that was much smaller than her younger counterparts.

It is plaintiff's contention, that the accusation of theft against her (but not the younger employees), coupled with the disparity in pay between her and younger employees was a concerted effort to terminate plaintiff on account of her age.

IV.
## ADMINISTRATIVE PROCEDURES

Within 180 days of the occurrence of the acts complained of, plaintiff filed her initial complaint with the Texas Commission on Human Rights, alleging that the defendants had committed an unlawful employment practice against the plaintiff in violation of the Texas commission on Human Rights Act. Plaintiff received from the Texas Commission on Human Rights, Plaintiff's Right to File Civil Action letter allowing her to file a lawsuit within sixty days of its receipt. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

V.
## TEXAS COMMISSION ON HUMAN RIGHTS AGE DISCRIMINATION

Plaintiff, **Beverly Lasourd,** was at the time she was terminated a 75 year old female born on March 29, 1928. As such, she falls within a protected class under the Texas Commission on Human Rights Act.

The defendants, are employers with at least 15 employees, and subject to coverage under the Act. The conduct of the defendants complained of constituted unlawful discrimination on the basis of plaintiff's age.

In addition, defendants, its agents, servants, an employees improperly permitted such discriminatory conduct to take place. The defendants, its agents, servants, and employees knew, or in the exercise of ordinary care, should have known of the existence of the discriminatory conduct. As a result of defendant's unlawful conduct plaintiff has suffered the damages listed below:

VI.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs assert that defendants' actions, in the nature of extreme and outrageous conduct, was intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to plaintiff. Defendants' action caused plaintiff mental as well as physical pain. As a result of defendants' actions, plaintiff has suffered damages in amounts which exceed the minimum jurisdictional requirements of this Court. Plaintiff sues the defendant as a result of such actions.

VII.
## ACTUAL DAMAGES

As a result of the incidents described above, that is made the basis of this suit, plaintiff has incurred damages in the following respects:

### Lost Earnings and Diminished Earning Capacity

At the time of the incident complained of, plaintiff was gainfully employed. As a proximate result of the wrongful acts of the defendants, plaintiff was unable to attend to her occupation and thereby suffered a loss of income, loss of retirement and medical plans, fringe benefits and other valuable job rights for which she hereby sues.

Plaintiff's loss of earnings will in all reasonable probability continue long into the future, if not for the balance of plaintiff's natural life. Plaintiff therefore sues for any lost earnings, in the form of back pay, lost wages, front pay, lost future earnings and/or diminished earning capacity, to the extent permitted by law, due to the acts complained of above.

### Past and Future Mental Anguish

As a result of the incidents described above, that made the basis of this suit, plaintiff has suffered bodily injury and physical as well as mental pain and anguish. In all reasonable probability, plaintiff will continue to suffer such mental pain and anguish as well as bodily injury for a long time into the future, if not for the balance of her natural

life.

## Attorneys Fees

By reason of the allegations of this petition and the Texas Commission on Human Rights Act, plaintiff is entitled to recover attorneys fees in a sum that are reasonable and necessary. In this connection, plaintiff will show that the attorney whose name is subscribed to this pleading has been employed to assist plaintiff in the prosecution of this action. A reasonable attorneys fee is requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. Plaintiff further seeks attorney, expert and litigation fees and expenses as permitted by the Texas Commission on Human Rights Act.

VIII.
## EXEMPLARY DAMAGES

The conduct of the defendants and their agents, set out above, were carried out willfully, maliciously, oppressively, and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the plaintiff. The plaintiff will further show that the conduct of the defendant was a pattern and practice of discriminatory conduct towards individuals similarly situated. Plaintiff is hereby entitled to recover exemplary damages to deter such cruel and undignified procedures by the defendants and defendants' management in the future. In this connection, plaintiff will show that his treatment by the Defendants caused her suffering of immeasurable dimensions. Accordingly, plaintiff requests that exemplary damages be awarded against the defendants and the defendants' corporations, in an amount which exceeds the minimum jurisdictional requirements of this Court.

IX.
## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by a jury of her peers

**WHEREFORE PREMISES CONSIDERED,** plaintiff prays that this Honorable Court grant the following:

a). Judgment against defendants, both jointly and severally, for plaintiff's damages;
b). Punitive Damages;
c). Prejudgment interest as allowed by law;
d). Attorney, expert and litigation fees and expenses;
e). Interest on said judgment at the legal rate from date of judgment;
f). For costs of suit herein; and
g). Such other relief as the Court deems proper.

Respectfully submitted,

LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Rd.
Brownsville, Texas  78521
(956) 550-1115   Telephone
(956) 550-1134   Telefax

BY: _____
MIGUEL SALINAS
State Bar No. 17534750

ATTORNEY FOR PLAINTIFF

```
RUN DATE 04/13/04                                                                                                    PAGE: 01
RUN TIME 2:36 PM

                                                                                             2004-03-001496-A

           *  *  *  *  C L E R K ' S    E N T R I E S    *  *  *  *          03           15        04


BEVERLY LASOURD                    00594401
                                   MIGUEL SALINAS
      VS                           803 OLD PORT ISABEL ROAD                        (10)
                                   BROWNSVILLE, TX.    78521 0000
TARGET STORES AND TRACY CASTILLO                                                    DAMAGES

                                   00537401
                                   HON. ROBERT S. NICHOLS
                                   800 NORTH SHORELINE BOULEVARD
                                   CORPUS CHRISTI, TX.   78401 3700


                                       03/15/04  ORIGINAL PETITION FILED
                                       03/15/04  CITATION (CM): TARGET STORES
                                       03/15/04    SERVED: 03/18/04    FILED: 03/22/04
                                       03/15/04  CITATION (CM): TRACY CASTILLO
                                       03/15/04    SERVED: 03/17/04    FILED: 03/19/04
                                       04/12/04  ORIGINAL ANSWER: TARGET STORES
                                       04/12/04  ORIGINAL ANSWER: TRACY CASTILLO
                                       04/12/04  DFS TARGET STORES AND TRACY CASTILLO'S
                                       04/12/04  ORIGINAL ANSWER/C.OSTOS
```

# CIVIL DOCKET - JUDGE'S ENTRIES

## RULE 26-TRCP

RUN DATE ◆→◆|
RUN TIME ÑáDÀà§¢⌐|

CASE NO  2004-03-001496-A

PAGE: 01

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|
| | 00594401 | (10) |
| BEVERLY LASOURD | MIGUEL SALINAS | |
| | 803 OLD PORT ISABEL ROAD | DAMAGES |
| VS | BROWNSVILLE, TX. 78521 0000 | |
| | | |
| TARGET STORES AND TRACY CASTILLO | HON ROBERT S NICHOLS | |
| | 2000 N. SHORELINE PLAZA-SOUTH TOWER | |
| | 800 N. SHORELINE BLVD. | |
| | CORPUS C,TX 78401-COURT'S DOCKET (Rule 26, TRCP) | |

DATE OF FILING

| MONTH | DAY | YEAR |
|---|---|---|
| 03 | 15 | 04 |

JURY FEE $

PAID BY

DATE OF ORDERS

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

BEVERLY LASOURD                    §
                                   §
        Plaintiff,                 §
                                   §
v.                                 §        CIVIL ACTION NO. B-04-067
TARGET STORES AND                  §
TRACY CASTILLO                     §
                                   §
        Defendants.                §

## COUNSEL OF RECORD

1.    Mr. Robert S. Nichols
      Attorney-in-Charge
      State Bar No. 15006400
      Southern District of Texas Bar No. 17118
      Bracewell & Patterson, L.L.P.
      2000 One Shoreline Plaza, South Tower
      800 North Shoreline Boulevard
      Corpus Christi, Texas 78401-3700
      Telephone: (361) 882-6644
      Telecopier: (361) 882-6659
      ATTORNEY FOR DEFENDANTS
      TARGET STORES, INC. AND TRACY
      CASTILLO

2.    Mr. Miguel Salinas
      State Bar No. 17534750
      Southern District of Texas Bar No. 15171
      Law Office of Miguel Salinas
      803 Old Port Isabel Road
      Brownsville, Texas 78521
      Telephone: (956) 550-1115
      Telecopier: (956) 550-1134
      ATTORNEY FOR PLAINTIFF
      BEVERLY LASOURD

FILED _____ /0:00 O'CLOCK ___ A ___ M
AURORA DE LA GARZA DIST. CLERK

APR 1 2 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. 2004-03-1496-A

| | | |
|---|---|---|
| BEVERLY LASOURD | § | THE 107TH DISTRICT COURT |
| | § | |
| vs. | § | OF |
| | § | |
| TARGET STORES AND | § | |
| TRACY CASTILLO | § | CAMERON COUNTY, TEXAS |

**DEFENDANTS TARGET STORES' AND TRACY CASTILLO'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, TARGET STORES, INC. (identified in Plaintiff's Original Petition as "Target Stores") and TRACY CASTILLO (hereinafter referred to as "Defendants") in the above-numbered and styled cause file this their Original Answer. Defendants would show the Court as follows:

**I.**
**GENERAL DENIAL**

As permitted by Rule 92, Texas Rules of Civil Procedure, Defendants generally deny each and every allegation in Plaintiff's Petition and demand strict proof by a preponderance of the credible evidence.

WHEREFORE, Defendants pray for such relief to which they may be justly entitled.

Corpus Christi\667014 1

## CAUSE NO. 2004-03-1496-A

| | | |
|---|---|---|
| **BEVERLY LASOURD** | § | **THE 107TH DISTRICT COURT** |

**BEVERLY LASOURD** § **THE 107TH DISTRICT COURT**
§
**vs.** § **OF**
§
**TARGET STORES AND** § 
**TRACY CASTILLO** § **CAMERON COUNTY, TEXAS**

### AFFIDAVIT OF MONICA GILLESPIE

Before me, the undersigned authority, personally appeared Monica Gillespie, who, being by me duly sworn, deposed as follows:

1.      My name is Monica Gillespie, I am of sound mind, over 18 (eighteen) years of age, and capable of making this affidavit.  I have never been convicted of a felony.  I am the Regional Human Resources Representative for Target Stores, Inc.

2.      As Regional Human Resources Representative, I am based in San Antonio, Texas and I have wide-ranging human resources responsibilities for much of south and central Texas, as well as the State of Louisiana.  That area of responsibility includes all of the Rio Grande Valley of Texas, including Cameron County.

3.      Target is a corporation incorporated under the laws of the State of Minnesota.  Its principal place of business is in the State of Minnesota.

4.      A review of the employment records of Beverly Lasourd reveals that her final rate of pay, prior to her termination on April 3, 2003, was $8.55 per hour.

I have read the foregoing affidavit and affirm that the facts stated herein are true and correct and based upon my personal knowledge.

*(Name)* Monica L. Gillespie , **Affiant**

SWORN TO AND SUBSCRIBED before me on the 13 day of APRIL , 2004.

Notary Public, State of Texas

JOE A. VILLARREAL

**Notary's Printed Name**

My commission expires: 3/5/08



JOE A. VILLARREAL
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
MARCH 5, 2008