IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BEVERLY LASOURD,<br>*Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. B-04-067 |
| TARGET STORES,<br>*Defendant.* | § § § § | |

**DEFENDANT, TARGET STORES', FIRST AMENDED ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Target Stores, Defendant in the above-numbered and styled action, files this amended answer to Plaintiff's Original Complaint and in support of its answer respectfully shows the following:

**RESPONSE TO ALLEGATIONS IN PLAINTIFF'S ORIGINAL PETITION**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph under heading I of Plaintiff's Original Petition (the "Petition").

2. Defendant admits the allegation in the first paragraph under heading II of the Petition that the Plaintiff is Beverly Lasourd, but Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's residence.

3. Defendant admits the allegations in the second paragraph under heading II of the Petition.

4. Defendant admits the allegations in the third paragraph under heading II of the Petition.

5. Defendant admits the allegation in the fourth paragraph under heading II of the Petition that Tracy Castillo is an employee, but denies that she is employed at that location.

6. Defendant admits the allegations in the fifth paragraph under heading II of the Petition.

7.  Defendant admits the allegations in the sixth paragraph under heading II of the Petition.

8.  Defendant admits the allegations in the first paragraph under heading III of the Petition.

9.  Defendant admits the allegation in the second paragraph under heading III of the Petition that Plaintiff worked for Defendant as a cashier. Defendant denies the remaining allegations in that paragraph.

10. Defendant denies the allegations in the third paragraph under heading III of the Petition.

11. Defendant denies the allegations in the fourth paragraph under heading III of the Petition.

12. Defendant admits the allegation in the paragraph under heading IV that Plaintiff received notice of a right to file civil action from the Texas Commission on Human Rights. Defendant denies the remaining allegations in that paragraph.

13. Defendant admits the allegations in the first paragraph under heading V of the Petition.

14. Defendant admits the allegation in the first sentence in the second paragraph under heading V of the Petition that Defendant Target is an employer with at least 15 employees. Defendant denies that Tracy Castillo, who has now been dismissed as a defendant, is an employer. Further, Defendant denies the remaining allegation in that paragraph.

15. Defendant denies the allegations set forth in the third paragraph under heading V of the Petition.

16. Defendant denies the allegations set forth in the paragraph under heading VI of the Petition.

17. Defendant denies the allegations set forth in the first paragraph under heading VII of the Petition.

18. Defendant admits the allegation in the second paragraph under heading VII of the Petition that Plaintiff was gainfully employed. Defendant denies the remaining allegations in that paragraph.

19. Defendant denies the allegations set forth in the third paragraph under heading VII of the Petition.

20. Defendant denies the allegations set forth in the fourth paragraph under heading VII of the Petition.

21. Defendant denies the allegations set forth in the fifth paragraph under heading VII of the Petition.

22. Defendant denies the allegations set for in the paragraph under heading VIII of the Petition.

23. Defendant admits the allegations in the paragraph under the heading IX that Plaintiff requests a jury.

24. Defendant denies that Plaintiff is entitled to any of the relief requested in the prayer to the Petition.

25. Any allegations in the Petition that have not been specifically admitted above are hereby denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claims for alleged compensatory and punitive damages under the Texas Commission on Human Rights Act (TCHRA) are limited by Section 21.2585 of the Texas Labor Code.

2. Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations.

3. Plaintiff's claims under TCHRA are barred to the extent those claims exceed the scope of Plaintiff's administrative charge filed with the Texas Commission on Human Rights ("TCHR").

4. Plaintiff's claims under TCHRA are barred to the extent Plaintiff has failed to comply with administrative prerequisites for filing suit under that statute.

5. Plaintiff's claims under TCHRA are barred to the extent they are based upon facts occurring more than 180 days prior to the filing of Plaintiff's charge(s) with the TCHR.

6. Plaintiff has failed to mitigate her damages.

7. Defendant may not be liable for punitive damages because any alleged discriminatory actions or decisions would have been contrary to Defendant's good faith efforts to comply with the law.

8. Plaintiff's TCHRA claims are barred because Plaintiff failed to file suit within 60 days of receipt of the Notice of the Right to File Civil Action from the Texas Commission on Human Rights.

9. Plaintiff's claims are barred, in whole or part, because Defendant would have taken the same action(s) in the absence of any alleged impermissible motivating factor(s).

10. Any disparity in pay increases was based on a factor other than age.

11. Any imposition of punitive damages under Texas law is limited in amount by Section 41.008 of the Texas Civil Practice and Remedies Code.

12. The statements at issue were true or substantially true.

13. The statements at issue were qualifiedly privileged.

14. Plaintiff's claims are barred, in whole or in part, because Defendant's actions with respect to Plaintiff were at all times in compliance and comportment with TCHRA and all other applicable laws, were taken in good faith and for lawful, legitimate, and nondiscriminatory reasons.

 

15. Any amounts which Plaintiff claims are due and owing to her for lost wages and benefits must be reduced by the amount of benefits and monetary payments she has received (including, without limitation, wages, benefits, unemployment compensation payments, retirement payments and benefits, and disability payments and benefits), and by the amount of wages and benefits which Plaintiff could have earned with the exercise of reasonable diligence during the period for which lost wages or benefits are sought by Plaintiff.

WHEREFORE, Defendant prays that the Court dismiss this action and that Plaintiff take nothing and that the Court provide Defendant with such further and other relief, both at law and equity to which it may show itself justly entitled.

Dated: November 11, 2004

Respectfully submitted,

Robert S. Nichols
(by permission)
Colleen McHugh

_____
Robert S. Nichols
Federal I.D. No. 17118
State Bar No. 15006400
2000 One Shoreline Plaza - South Tower
800 N. Shoreline Blvd.
Corpus Christi, Texas 78401-3700
Telephone No.: (361) 882-6644
Telecopier No.: (361) 903-7000

OF COUNSEL
BRACEWELL & PATTERSON, L.L.P.

**ATTORNEY FOR TARGET STORES**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above document has been forwarded by certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure on this the 11th day of November, 2004, to the following:

Mr. Miguel Salinas
LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Rd.
Brownsville, Texas 78521

_____
Robert S. Nichols