IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **BEVERLY LASOURD,**<br>        **Plaintiff** | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-04-067 |
| | §<br>§ | |
| **TARGET STORES,**<br>        **Defendant** | §<br>§ | |

## DECLARATION OF RAMONA GUTIERREZ

I, Ramona Gutierrez, declare and state under penalty of perjury:

1.      I am more than eighteen (18) years of age and am competent in all respects to make this Declaration. The facts stated herein are within my personal knowledge and are true and correct.

2.      I am employed by Target Stores as the Store Team Leader at Target's Harlingen, Texas store. I have held that position since 2002. A Store Team Leader is the manager of the entire store. In that position, I am responsible for the overall operations including, without limitation, hiring, firing, discipline and compensation of employees.

3.      During Beverly Lasourd's employment, Target employed approximately 130 employees at any given time at its Harlingen store.

4.      At Target, store employees are considered for a pay increase on an annual basis in conjunction with their annual performance evaluation. Ms. Lasourd's performance evaluation and her opportunity for a pay increase occurred in April of each year. Ms. Lasourd's last opportunity for a pay raise would have been in April 2002.

5.      Ms. Lasourd received pay increases each and every year that she was employed by Target. The size of those pay increases were a function of her performance evaluations and certain well-established criteria at Target for determining pay increases. Ms. Lasourd's pay increases were in no way motivated by age.

6.      Ms. Lasourd was investigated for making improper markdowns on items and ringing up sales in a manner that was in violation of company policy. Ms. Lasourd's misconduct clearly called for discharge. None of Target's decisions, statements, or other actions related to Ms. Lasourd were motivated by her age or any complaints or concerns she may have raised. Target's investigation and actions with respect to Ms. Lasourd in March and April of 2003 related to

**APPENDIX 3**

alleged improper markdowns and coding of transactions were motivated by on legitimate loss prevention concerns.

7.   Two male employees under 40, Gilbert Rincon and Abraham Cano, at Target's Harlingen, Texas store were terminated in recent years for similar misconduct involving improper markdowns.

8.   Other than communications with members of Target's management, Asset Protection staff, and legal counsel, I have not communicated with anyone concerning the investigation of improper markdowns by Beverly Lasourd or anything related to her separation from employment with Target. My conversations with members of Target's management, Asset Protection staff, or legal counsel concerning those topics have all been made only for purposes of loss prevention, personnel administration or defense of this case. All such communications were with a person who had a business need to know. I have never said to anyone, in any fashion, that Beverly Lasourd had stolen from Target or that she was a thief.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_____                     _2-9-05_____
Ramona Gutierrez                                              Date

**APPENDIX 4**