

100 Fed.Appx. 275                                                                                    Page 1
100 Fed.Appx. 275, 2004 WL 1240535 (5th Cir.(Tex.)), 58 Fed.R.Serv.3d 887
(Cite as: 100 Fed.Appx. 275, 2004 WL 1240535 (5th Cir.(Tex.)))

C

**Briefs and Other Related Documents**

This case was not selected for publication in the
Federal Reporter.

Please use FIND to look at the applicable circuit
court rule before citing this opinion. Fifth Circuit
Rule 47.5.4. (FIND CTA5 Rule 47.)

United States Court of Appeals,
Fifth Circuit.
Kalvin **BUCKLEY**; Terance Flenoy; Wilken
Mickey; A.J. Hunt, Plaintiffs--
Appellants,
v.
**DONOHUE INDUSTRIES INC.,**
Defendant--Appellee.
No. 03-41215.

June 3, 2004.

**Background:** Unsuccessful African-American
candidates for positions operating employer's new
paper mill equipment brought Title VII action
against employer, alleging race discrimination.
After entering default against employer, based on
lack of answer on file, the United States District
Court for the Eastern District of Texas set aside
entry of default, denied candidates' motion for
extension of time to file response to employer's
summary judgment motion, granted summary
judgment to employer, and denied candidates'
motion for reconsideration. Candidates appealed.

**Holdings:** The Court of Appeals held that:
(1) setting aside entry of default against employer
was not abuse of discretion;
(2) denial of motion for extension of time to file
response to motion for summary judgment was not
abuse of discretion;
(3) employees were not entitled to relief from
judgment; and
(4) employees failed to establish prima facie case

of race discrimination.
Affirmed.

West Headnotes

**[1] Federal Civil Procedure �köⁿ2444.1**
170Ak2444.1 Most Cited Cases
Setting aside entry of default against employer was
not abuse of discretion, in Title VII action, when
employer showed that default was inadvertent and
anomalous, and consequence of granting motion to
set aside default was simply to require employees to
prove their case. Civil Rights Act of 1964, § 701 et
seq., 42 U.S.C.A. § 2000e et seq.; Fed.Rules
Civ.Proc.Rule 55(c), 28 U.S.C.A.

**[2] Federal Civil Procedure ⊦⇒2547.1**
170Ak2547.1 Most Cited Cases
Denial of plaintiffs' motion for extension of time to
file response to summary judgment motion was not
abuse of discretion when plaintiffs' counsel did not
seek extension of time until after scheduling
deadline had passed and defendant proved that,
despite plaintiffs' contrary protestations, plaintiffs
had received summary judgment motion on time
and enjoyed full allotted time to prepare response.
Fed.Rules Civ.Proc.Rule 16(b), 28 U.S.C.A.

**[3] Federal Civil Procedure ⊦⇒2656**
170Ak2656 Most Cited Cases
Employees' failure to file timely response to
employer's summary judgment motion on
employees' Title VII claims did not establish
excusable neglect warranting relief from judgment
when employees received motion for summary
judgment well within scheduled period for
preparing response and their counsel failed to
request extension for filing response until five days
after deadline passed. Civil Rights Act of 1964, §
701 et seq., 42 U.S.C.A. § 2000e et seq.; Fed.Rules
Civ.Proc.Rule 60(b)(1), 28 U.S.C.A.

**[4] Civil Rights ⊦⇒1121**
78k1121 Most Cited Cases
Unsuccessful African-American candidates for
positions operating employer's new paper mill

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**APPENDIX 5**

100 Fed.Appx. 275                                                                 Page 2
100 Fed.Appx. 275, 2004 WL 1240535 (5th Cir.(Tex.)), 58 Fed.R.Serv.3d 887
(Cite as: 100 Fed.Appx. 275, 2004 WL 1240535 (5th Cir.(Tex.)))

equipment did not establish prima face case of race discrimination when candidates offered no evidence tending to show that they were qualified for positions for which they applied, four African-Americans were selected for positions on new equipment, and candidates made no showing that they were passed over for positions in favor of persons outside protected class. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.

**[5] Civil Rights** ⚏1137
78k1137 Most Cited Cases
Even if unsuccessful African-American candidates for positions operating employer's new paper mill equipment established prima face case of race discrimination in employer's selection of operators, candidates' failure to show that employer's legitimate, nondiscriminatory reason for not selecting candidates, that they were less qualified than those selected, was pretext for discrimination precluded employer's liability under Title VII. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.
*276 Appeal from the United States District Court for the Eastern District of Texas--Lufkin Division. No. 9:01-CV-345.

*277 Joseph L. Nealy, Houston, TX, for Plaintiffs-Appellants.

Charles Tynan Buthod, Jonathan Bell Rubenstein, Baker Botts, Houston, TX, for Defendant-Appellee.

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM. [FN*]

FN* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**1 In this appeal, Appellants challenge the district court's decision to set aside the entry of default, to deny Appellants' motion for extension of time to file a response to defendant's motion for summary judgment, to deny Appellants' motion for reconsideration, and to grant summary judgment in

favor of the defendant on Appellants' Title VII discrimination claims. We AFFIRM the district court in all respects.

I. BACKGROUND
Appellants were all long-time employees of Donohue's paper mill in Lufkin, Texas. From 1999 to 2001, Donohue underwent a significant modernization of its equipment, including the paper mills. Specifically, Donohue introduced the new "Number 8" paper machine in 2001 and simultaneously phased out three older mills. The Number 8 machine was completely different from Donohue's older machines, requiring employees assigned to that mill to undergo extensive training. In anticipation of the Number 8 employee selection process, Donohue met with the local union to discuss the process and the criteria to be used. This meeting was memorialized by an agreement between Donohue and the union regarding the selection process. Subsequently, all employees eligible to apply for a position on the Number 8, including Appellants, were sent information packets describing the position and certain essential qualifications.

Eighty candidates, including all four Appellants, applied for 33 available positions on the Number 8. After a selection process that included a written assessment and oral interview, none of the appellants was selected for a position on the Number 8. Of those employees selected, 28 were white (43 per cent of the white applicants), four were African-American (31 per cent of the African-American applicants), and one was Hispanic (50 per cent of the Hispanic applicants). Subsequently, Appellants filed charges of discrimination with the Texas Commission on Human Rights and the EEOC. After receiving an EEOC right-to-sue letter, Appellants, all African-americans, filed suit on December 31, 2001, alleging racial discrimination in violation of Title VII.

On October 28, 2002, the district court ordered that default be entered against Donohue, as no answer was on file at that time. Donohue argued that due to human error in its corporate mail room, it was unaware of the existence of the lawsuit until it received service of the entry of default. The district court set aside the entry of default.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**APPENDIX 6**

100 Fed.Appx. 275                                                                                                    Page 3
100 Fed.Appx. 275, 2004 WL 1240535 (5th Cir.(Tex.)), 58 Fed.R.Serv.3d 887
(Cite as: 100 Fed.Appx. 275, 2004 WL 1240535 (5th Cir.(Tex.)))

Other than sitting for their own depositions, Appellants conducted no discovery within the discovery period. Donohue filed a motion for summary judgment but Appellants filed no timely response. Five days after the deadline, they sought to extend time to file a response. The district court denied the motion and ultimately granted Donohue's motion for summary judgment. Appellants then filed a motion *278 for reconsideration, which the district court also denied. This appeal followed.

## II. DISCUSSION

For each of the above-referenced non-dispositive motions, we review the district court's ruling for abuse of discretion. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir.2000) (entry of default); *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1202 (5th Cir.1993) (extension of time); *Briddle v. Scott*, 63 F.3d 364, 379 (5th Cir.1995) (reconsideration).

**2 [1] Appellants first argue that the district court abused its discretion by setting aside the entry of default. Federal Rule of Civil Procedure 55(c) allows a court to set aside an entry of default on a showing of good cause. Fed. R. Civ. P. 55(c). In making this determination, the court should consider (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir.1992). The district court properly applied this standard in deciding to set aside the entry of default. Donohue provided ample evidence to show that the default was indeed inadvertent and anomalous, and the consequence of granting the motion was to simply require Appellants to prove their case. The district court did not abuse its discretion in this regard.

[2] Next, Appellants argue that the district court abused its discretion in denying Appellants' motion for extension of time to file a response to Donohue's motion for summary judgment. Federal Rule of Civil Procedure 16(b) allows the district court to modify a scheduling order only upon a showing of good cause. Fed. R. Civ. P. 16(b). The good cause standard requires the party seeking relief to show that the deadline cannot be met despite that party's diligence. *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir.2003)

. Appellants' counsel did not seek an extension of time until after the scheduling deadline had passed. Additionally, Donohue proved to the district court that, despite Appellants' protestations to the contrary, Appellants received the motion for summary judgment on time and enjoyed the full allotted time to prepare a response. The district court did not abuse its discretion in denying the motion.

[3] Appellants further argue that the district court abused its discretion in denying the motion for reconsideration. Under Federal Rule of Civil Procedure 60(b)(1), Appellants must show "mistake, inadvertence, surprise, or excusable neglect" to obtain relief from the judgment. Fed. R. Civ. P. 60(b)(1). Appellants seem to argue that their failure to file a timely response to Donohue's motion for summary judgment constituted "excusable neglect." However, as discussed above, Appellants received the motion for summary judgment well within the scheduled period to prepare a response. Even so, Appellants' counsel did not request an extension of time until five days after the deadline. Given these circumstances, the district court did not abuse its discretion in denying Appellants' motion.

[4] Finally, Appellants challenge the district court's grant of summary judgment in favor of Donohue. We review a district court's grant of summary judgment de novo and apply the same standard as the district court. *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir.2003). Even considering Appellants' response to Donohue's motion for summary judgment, which essentially mirrors their brief to this court, we find that the district court correctly granted summary judgment in this case.

*279 **3 To meet their prima facie burden under Title VII, Appellants must show that (1) they belong to a protected class; (2) they were qualified for the position sought; (3) they were rejected for that position; and (4) they were replaced by someone outside the protected class. *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir.2002). Appellants fail to satisfy the second and fourth prongs of this test.

[5] Appellants point to no record evidence tending

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**APPENDIX 7**

100 Fed.Appx. 275                                                                      Page 4
100 Fed.Appx. 275, 2004 WL 1240535 (5th Cir.(Tex.)), 58 Fed.R.Serv.3d 887
(Cite as: 100 Fed.Appx. 275, 2004 WL 1240535 (5th Cir.(Tex.)))

to prove that they were qualified for positions on the Number 8. Despite Donohue's publication of "essential employee elements" in advance of the selection process, Appellants incredibly argue that they were unaware of any qualifications for the position. In addition, Appellants merely state their subjective belief that they are qualified. An employee's subjective belief of discrimination cannot be the basis of judicial relief. *Little v. Republic Refining Co., Ltd.*, 924 F.2d 93, 96 (5th Cir.1991). Moreover, as discussed supra, four African-Americans were selected for positions on the Number 8. Appellants make no argument and point to no evidence tending to show that they were passed over for positions on the Number 8 in favor of persons outside the protected class. As such, Appellants fail to establish a prima facie case of race discrimination. [FN1]

> FN1. Even if Appellants could establish a prima facie case of race discrimination, the district court's grant of summary judgment would remain proper. Donohue advanced a legitimate, non-discriminatory reason for Appellants' non-selection, namely, that they were less qualified than those employees selected for positions on the Number 8. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Appellants failed to prove that this reason was pretext for discrimination. *Id.* at 804, 93 S.Ct. 1817. Again, a subjective belief of discrimination cannot, without more, create a jury issue in the face of a legitimate, non-discriminatory reason.

For the reasons stated above, the judgment of the district court is AFFIRMED.

100 Fed.Appx. 275, 2004 WL 1240535 (5th Cir.(Tex.)), 58 Fed.R.Serv.3d 887

**Briefs and Other Related Documents (Back to top)**

. 2004 WL 2681878 (Appellate Brief) Brief of Appellee Donohue Industries, Inc. (Mar. 16, 2004)Original Image of this Document (PDF)

. 2004 WL 2681877 (Appellate Brief) Brief of

Plaintiff-Appellants (Feb. 18, 2004)Original Image of this Document (PDF)

. 03-41215 (Docket)

(Sep. 08, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**APPENDIX 8**