IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **BEVERLY LASOURD** § § | |
| **Plaintiff,** § § | |
| v. § | **Civil Action B-04-67** |
| § | |
| **TARGET STORES** § § | |
| **Defendant.** § | |

## OPINION AND ORDER

BE IT REMEMBERED that on April ___, 2005, the Court considered defendant Target Stores' Motion for Summary Judgment. Dkt. No. 13. The Court hereby **GRANTS** the motion. Dkt. No. 13.

**I.   Introduction**

On March 15, 2004, Beverly Lasourd ("plaintiff") filed an action against defendants Target Stores and Tracy Castillo in the 107th District Court of Cameron County, Texas. The plaintiff alleges causes of action for age discrimination under the Texas Commission on Human Rights, Tex.Lab.CodeAnn. §§ 21.001-21.405, and pursuant to the common law tort of intentional infliction of emotional distress. On April 14, defendant Target Stores removed this case to federal court basing jurisdiction on diversity. Dkt. No. 1. On June 15, the parties stipulated to the dismissal of defendant Tracy Castillo. Dkt. No. 7. On February 10, 2005, defendant Target Stores (hereinafter "defendant") filed its motion for summary judgment. Dkt. No. 13. The plaintiff failed to respond to the defendant's motion.

**II.   Standard of Review**

Granting a motion for summary judgment is proper only where "the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Pro. Rule 56(c). "The substantive law determines which facts are material." Kee v. City of Rowlett, 247 F.3d 206, 210 (5th Cir. 2001). A genuine dispute about a material fact exists "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" In re Cooper/T. Smith, 929 F.2d 1073, 1076 (5th Cir. 1991) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "An issue is material if its resolution could affect the outcome of the action" under the governing law. Roberts v. Cardinal Services, Inc., 266 F.3d 368, 373 (5th Cir. 2001); Anderson, 477 U.S. at 248. In assessing whether a genuine issue of material fact exists, the Court views the evidence in the light most favorable to the non-moving party, here the plaintiffs. BP Oil Intern., Ltd. v. Empresa Estatal Petroleos de Ecuador, 332 F.3d 333, 336 (5th Cir. 2003).

To adequately motion for summary judgment, the moving party must inform the Court of the basis of its motion and demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Kee, 247 F.3d at 210 ("The moving party bears the burden of showing the district court that there is an absence of evidence to support the nonmoving party's case."). The moving party, however, need not "support its motion with affidavits or other evidence . . . ." Pavone v. Mississippi Riverboat Amusement, Corp., 52 F.3d 560, 565 (5th Cir. 1995). If the moving party meets its initial burden, the burden then "shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue" of material fact. Racal Survey U.S.A., Inc. v. M/V COUNT FLEET, 231 F.3d 183, 187 (5th Cir. 2000).

The non-moving party "must present evidence sufficient to establish the existence of each element of his claim as to which he will have the burden of proof at trial." Pavone, 52 F.3d at 565; see also Lloyd's Leasing Ltd. v. Conoco, 868 F.2d 1447, 1449 (5th Cir. 1989) ("The [Supreme] court has stated that Fed.R.Civ.P. 56(c) mandates summary judgment in any case where a party fails to establish the existence of an element essential to this case on which he bears the burden of proof. A complete failure of proof on an essential element

renders all other facts immaterial because there is not longer a genuine issue of material fact.'" (quoting Washington v. Armstrong World Indus., 839, F.2d 1121, 1122 (5th Cir. 1988))). The nonmoving party cannot satisfy its burden "with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence." Pavone, 52 F.3d at 565. Furthermore, the Court will not "assume that the nonmoving party could or would prove the necessary facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (emphasis omitted).

### III. Facts

The plaintiff failed to respond to the defendant's motion for summary judgment. This failure "constitutes an admission . . . that there are no disputed issues of genuine fact warranting a trial." Flynn v. Sandahl, 58 F.3d 283, 288 (7th Cir. 1995); Stults v. Conoco, Inc., 76 F.3d 651, 657 (5th Cir. 1996) ("Because plaintiffs filed no timely response, they did not meet their burden to designate specific facts showing that there is a genuine issue for trial." (internal quotations omitted)); Eversley v. Mbank Dallas, 843 F.2d 172, 174 (5th Cir. 1988) (approving of district court's decision to accept defendant movant's version of the facts in a summary judgment when plaintiff nonmovant failed to respond to the motion); see also Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 916 n.7 (5th Cir. 1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment . . . ."). Accordingly, the Court accepts the defendant's version of the facts as true.

Plaintiff, born on March 29, 1928, is over the age of 40.[1] In 1992, defendant hired plaintiff as a cashier at its Harlingen, Texas, store. Generally, at the defendant's stores, cashiers should sell merchandise for the stated price. An exception to this rule, however, allows a cashier to sell an item at a lower price than stated when either the customer challenges the price or the item does not have a price tag. If either of these situations arise, the cashier may take the customer's word for the price if both the asserted price is "reasonable" and not more than $20 below the retail. If uncertain with respect to either criteria,

---

[1] According to the plaintiff's complaint, at age 75, she was the defendant's oldest employee.

3

training and instruction requires the cashier to contact a supervisor for guidance. The plaintiff admitted knowing of these price reduction restrictions. Furthermore, the defendant's written policy stated that employees could "lose [their] job" if they engaged in unauthorized markdowns or incorrectly rang up sales.

Defendant employs a company named "Asset Protection" to investigate possible employee misconduct leading to financial loss for the store. During an investigation that spanned approximately 18 days beginning in the late part of March and ending in the early part of April 2003, the Asset Protection staff discovered six instances where plaintiff marked down the price of merchandise for customers to an amount Asset Protection found unreasonably below the item's stated price. For example, plaintiff marked down a book priced at $18.86 to $2.50. Furthermore, plaintiff marked down a watch priced at $9.08 to $1.00.

The Asset Protection investigation further noted that plaintiff utilized "inappropriate, and seemingly deceptive" methods of marking down certain merchandise. Normally, when a customer attempts to purchase an item lacking a bar code or price ticket, the cashier should key in "999999." Plaintiff, however, rang up 27 items in a one month period using a code designated for Christmas decorations when the purchased item clearly was not a Christmas decoration. Considering the time of the year and the fact that the defendant offered Christmas decorations at very large discounts, the Asset Protection investigation found the plaintiff's actions deceptive since very substantial price reductions would escape the attention of management. Furthermore, the plaintiff's conduct resulted in significant inventory and sales tracking errors at the store.

After several weeks of investigation, members of the Asset Protection Team and defendant's store's management met with plaintiff to discuss the discounts. According to the plaintiff's complaint, at the end of this meeting, the former defendant Tracy Castillo terminated the plaintiff's employment. The defendant, however, provides evidence disputing plaintiff's discharge allegation.

On April 23, 2003, plaintiff filed an administrative complaint with the Texas Commission on Human Rights alleging age discrimination with respect to her discharge and

the size of her pay increases. Besides her allegations of age discrimination, plaintiff testified at her deposition that she felt the defendant treated her less favorably as other employees because she was white and the fact that she did not "kiss up" to management.

**IV.   Discussion**

    **A.   Age Discrimination**

As her first basis of recovery, plaintiff sues defendant for alleged age discrimination in violation of the Texas Commission on Human Rights Act ("TCHRA"). Tex. Labor Code Ann. § 21.051. Importantly, the Court employs the same analytical framework announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), for claims under the TCHRA and the Age Discrimination in Employment Act ("ADEA"). See Evans v. City of Houston, Texas, 246 F.3d 344, 348 (5th Cir. 2001).

Under the ADEA, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). As McDonnell Douglas instructs, in the absence of direct proof of discrimination, the plaintiff must first establish a prima facie case of age discrimination by showing that "(1) [she] was discharged; (2) [she] was qualified for the position; (3) [she] was within the protected class at the time of the discharge; and (4) [she] was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of [her] age." Rachid v. Jack in the Box, Inc., 376 F.3d 305, 309 (5th Cir. 2004); Wyvill v. United Cos. Life Ins., 212 F.3d 296, 301 (5th Cir. 2000). Once the plaintiff meets her burden, "the burden of production then shifts to the defendant to proffer a legitimate nondiscriminatory reason for its employment action." Machinchick v. PB Power, Inc., 398 F.3d 345, 350 (5th Cir. 2005). The defendant, however, need not prove its proffered reason motivated the decision, but rather, the defendant need only articulate some legitimate reason. Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). "If the defendant meets its burden, the presumption of discrimination created by the plaintiff's prima facie case disappears and the plaintiff must meet its ultimate burden of persuasion on the issue of intentional discrimination." Machinchick, 398 F.3d at 350. Plaintiff may meet this burden by producing evidence

demonstrating that the reason offered by defendant is pretext for discrimination. Id.

### 1. Wrongful Discharge

Initially, the Court recognizes that defendant has offered uncontested proof that it did not discharge the plaintiff. Def.MSJ, Dkt. No. 13, Ex. 1, Affidavit of Tracy Castillo. Although the complaint alleges wrongful termination, plaintiff did not produce any evidence to controvert defendant's evidence establishing that plaintiff was in fact not terminated. Thus, the plaintiff has failed to meet her burden in establishing a prima facie case, which obligates the Court to grant the defendant's motion for summary judgment.

Notwithstanding plaintiff's failure to meet her prima facie case, defendant has met its burden and articulated a legitimate nondiscriminatory reason for discharging plaintiff. Mainly, the defendant's purpose in discharging the plaintiff "related to the alleged improper markdowns and coding of transactions . . . motivated by . . . legitimate loss prevention concerns." Id. at Ex. 2, Affidavit of Ramona Gutierrez. The plaintiff's conduct violated the defendant's policy on markdowns. Discharging an employee for violating company policy is a legitimate, nondiscriminatory reason for an employer's adverse employment decision. Bauer v. Albemarle Corp., 169 F.3d 962, 967 (5th Cir. 1999); Gunther v. Gap, Inc., 1 F. Supp. 2d 73, 78 (D.Mass. 1998). Accordingly, pursuant to the burden-shifting analytical framework outlined in McDonnell Douglas, the presumption of discrimination created by the plaintiff's prima facie case has disappeared and the plaintiff must produce some evidence demonstrating that the defendant's reason is pretext for discrimination. Stults, 76 F.3d at 656-57. The plaintiff does not produce any evidence demonstrating pretext with respect to the employer's adverse actions. Accordingly, the defendant is entitled to summary judgment.

### 2. Discrimination in Pay Increase

Assuming, *arguendo*, that the plaintiff can meet her burden in establishing a prima facie case,[2] the plaintiff's age discrimination claims concerning pay increase must also fail. The defendant again articulates a legitimate nondiscriminatory explanation for the amount of

---

[2]The Court notes one potential problem with plaintiff's prima facie case concerns the lack of evidence establishing the deficiency of the received pay increases.

plaintiff's pay increases. Specifically, a Store Team Leader, Ramona Gutierrez, explained that the size of pay increases were the function of the plaintiff's performance evaluations and certain well-established criteria for determining increases. Def.MSJ, Dkt. No. 13, Ex. 2, Affidavit of Ramona Gutierrez. The Court finds the explanation acceptable. See, e.g., Stults, 76 F.3d at 656-57; Rubenstein v. Administrators of Tulane, 58 F. Supp. 2d 702, 711 (E.D.La. 1998). The plaintiff failed to produce evidence rebutting the defendant's explanation and demonstrating pretext.[3]  Therefore, the Court grants summary judgment in favor of the defendant.

### B.   Intentional Infliction of Emotional Distress

"To state a claim of [intentional infliction of emotional distress] in Texas, a plaintiff must show (1) intentional or reckless action (2) that was extreme and outrageous; (3) that caused plaintiff emotional distress; and (4) that was severe." Morrison v. Weyerhaeuser Co., 119 Fed.Appx. 581, 587 (5th Cir. 2004) (citing Tex. Farm Bureau Mut. Ins. Co. v. Sears, 84 S.W.3d 604, 610 (Tex. 2002)). For conduct to rise to the level of extreme and outrageous, it must "go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993). Merely insensitive or rude conduct is not extreme and outrageous. GTE Southwest, Inc. v. Bruce, 998 S.W.2d 605, 612 (Tex. 1999). Similarly, "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities do not rise to the level of extreme and outrageous conduct." Id. Importantly, a claim for intentional infliction of emotional distress does not lie for "ordinary employment disputes." Tex. Farm Bureau, 84 S.W.3d at 610. Initially, the Court must determine "whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." Wornick Co. v. Casas, 856 S.W.2d 732, 734 (Tex. 1993); Atkinson v. Denton Pub. Co., 84 F.3d 144, 151 (5th Cir. 1996). Only when reasonable minds may differ should the Court allow the jury to determine whether conduct is extreme and outrageous. See Tex. Farm Bureau, 84 S.W.3d at 610.

---

[3] The defendant further argued that this claim was time barred. Because the Court need not address this argument, it omits the analysis.

The plaintiff's intentional infliction of emotional distress claim fails as a matter of law. As noted by the defendant, the plaintiff complains of the defendant's failure to appropriately increase her pay and her alleged wrongful discharge. The "wrongful . . . termination of an employee does not, standing alone, constitute intentional infliction of emotional distress." City of Midland, Texas v. O'Bryant, 18 S.W.3d 209, 217 (Tex. 2000). Furthermore, simply denying a pay increase will not support an intentional infliction of emotional distress claim. See Weeks v. Coury, 951 F. Supp. 1264, 1279 n.77 (S.D.Tex. 1996). Plaintiff provides no evidence supporting a finding of outrageousness. See Stults, 76 F.3d at 658. Therefore, the Court grants defendant's motion for summary judgment on plaintiff's intentional infliction of emotional distress claim as well.

**V.    Conclusion**

The Court **GRANTS** the defendant's motion for summary judgment in its entirety. Dkt. No. 13. Therefore, the Court **DISMISSES WITH PREJUDICE** all of plaintiff's claims against the defendant. The Court instructs the Clerk to close this case.

DONE at Brownsville, Texas, this ___ day of April, 2005.

_____
Hilda G. Tagle
United States District Judge